Battle, J.
 

 The question, for the alleged answer to which, the defendants instituted a prosecution for perjury against the plaintiff, was manifestly immaterial, and the enquiry is whether proof, in the present action, that it was false, is sufficient to show a probable cause for the prosecution. What is probable cause is a question of law, to be decided by the court upon the facts, as they may be found by the jury.
 
 Beale
 
 v. Robinson, 7 Ire. Rep. 280
 
 ; Vickers
 
 v.
 
 Logan,
 
 Busb. Rep. 393. As a guide to the court, it is defined to be “ the existence of circumstances and facts sufficiently strong to excite, in a reasonable mind, suspicion that the person charged with having
 
 *515
 
 been guilty, was guilty. It is a case of apparent guilt as con-tradistinguished from real’guilt. It is not essential, that there should be positive evidence at the time the action is commenced, but the guilt should be so apparent at the time, as would be sufficient ground to induce a rational and prudent man, who duly regards the rights of others, as well as his own, to institute a prosecution ; not that he knows the facts necessary to ensure a conviction, but that there are known to him sufficient grounds to suspect that the person he charges was guilty of the offence.” See the case of
 
 Munns
 
 v.
 
 Dupont,
 
 2 Brown’s Rep. Ap. 65, cited in
 
 Cabiness
 
 v. Martin, 3 Dev. Rep. 454.
 

 This reasonable ground of suspicion may involve a question of law as well as of fact; for certainly, no rational and prudent man, having a due regard to the rights of others, as well as his own, would rashly commence a prosecirtion for an act which the law did not hold to be criminal. If he believed that the person suspected had committed an offence, and did not know that it was an indictable offence, he ought to make enquiries of those who did know whether it was so or not. Should he neglect this prudent precaution, he will not be protected by proving the truth of his charge. Thus in the case above referred to of
 
 Cabiness
 
 v. Martin, a witness on a trial, swore “ that a magistrate, upon the return of a State’s warrant before him, had told the defendant therein, that unless he gave his note, &c.,
 
 he would send hi/m to jail.”
 
 The The magistrate had, in truth, said to the defendant that,
 
 “
 
 unless he gave his note, &c.,
 
 he would bind him to appear at court.”
 
 Eor this variance, the witness was prosecuted for perjury, and upon being acquitted, brought an action against the prosecutors for a malicious prosecution.
 

 The court held that, under the circumstances in which the words were spoken, it was immaterial whether the magistrate used the one set of words of the other, and that “ the difference'between the words spoken by the magistrate, and the words which the plaintiff swore he made use of, was not suffi
 
 *516
 
 cient to excite, in the minds of the defendants, a reasonable suspicion that he had committed perjury.”
 

 In the case now before us, the question which/was put to the plaintiff, whether he had made an alteration in the
 
 war-rani,
 
 was plainly’¡.immaterial to the enquiry whether the defendant, ' in that trial, had committed forgery by altering the date of a
 
 note;
 
 and we think no rational and prudent man, who duly-regarded the rights of others, as well as his own, would, without enquiry whether a false answer to such a question was perjury, have instituted a prosecution for that offence. In charging that the defendants had made out a case of probable ca^tse, we are of opinion that his Honor erred. In consequence of-which, the judgment must be reversed, anda
 
 venire de novo
 
 awarded.
 

 Pee CueiaM, Judgment reversed.