### JAMES M. TUCKER v. J. H. DAVIS.

*Order of Arrest--Damages--Judge's Charge.*

1. Malice alone will not support an action for the abuse of legal process of arrest. There must also be a want of probable cause in suing it out.

2. Where in an action for damages against a defendant for suing out an order of arrest maliciously the Court charged the jury that they might award vindictive damages ; *Held*, to be error.

3. An order of arrest granted by a Court having jurisdiction is not void. It may be erroneous if issued upon an insufficient affidavit.

CIVIL ACTION for Damages tried at Spring Term, 1877, of MONTGOMERY Superior Court, before *McKoy, J.*

The case is sufficiently stated by Mr. Justice RODMAN in delivering the opinion of this Court.

Under the instruction of His Honor in the Court below, the jury rendered a verdict for plaintiff. Judgment. Appeal by defendant.

*Messrs. John W. Hinsdale* and *S. J. Pemberton*, for plaintiff. *Mr. Neill McKay*, for defendant.

RODMAN, J. The complaint is that the defendant wrongfully sued out an order for the arrest of the plaintiff who was arrested upon it.

There is no controversy as to the facts. On the 18th of November, 1874. the present defendant, Davis, issued a summons against Tucker, returnable to the Superior Court of Montgomery. On the 1st of February, 1875, (which was before the return day, and before any complaint was filed) Davis made an affidavit before the Clerk of the Superior Court, stating :

1. That a sufficient cause of action exists in his favor

against the defendant, Tucker, the grounds of which are these ;—that sometime in the month of September last, the said Tucker came to my house and said to me, "You are a damned thief." "You are a damned liar." "You are too damned mean or you would have been in hell long ago."

2. That plaintiff had issued a summons, &c. Upon this the Clerk issued an order for the arrest of Tucker, and under it he was arrested.

Afterwards Davis filed a complaint in his action against Tucker, properly stating a cause of action for words spoken, and Davis afterwards recovered judgment in his said action.

Upon this state of facts, the Judge charged the jury in substance ,—that the affidavit was insufficient to warrant the order of arrest, because it did not allege a sufficient cause of action, the words set forth not being actionable *per se;* that the plaintiff was entitled to recover nominal damages, and if the jury were satisfied from the evidence that the defendant sued out the order of arrest for the purpose of extorting money from the plaintiff, he was entitled to recover vindictive damages. The jury found a verdict for plaintiff assessing his damages at $150. There was judgment accordingly, and defendant appealed.

1. The latter part of the Judge's charge, in which he says that if the jury were satisfied from the evidence that the defendant sued out the order of arrest for the purpose of extorting money they might give vindictive damages, we consider erroneous. We understand the Judge as saying that if the defendant sued out the warrant maliciously, and did not state in his affidavit a lawful ground for the arrest, or a sufficient cause of action, the plaintiff was entitled to vindictive damages, notwithstanding the defendant in fact had a lawful ground for the arrest, and a sufficient cause of action against the plaintiff.

This instruction is objectionable in several respects. It submits to the jury the question whether the defendant acted

maliciously, when there is no allegation to that effect in the complaint, and no evidence that he did. And it says that malice alone would entitle the plaintiff to vindictive damages, notwithstanding the defendant had a legal right to arrest the plaintiff, as it appeared by the judgment in the case that he had. Malice alone will not support an action for the abuse of legal process of arrest. There must also be a want of probable cause for suing it out. This is elementary doctrine.

2. We think the first part of the Judge's charge is also erroneous.

A plaintiff conceiving that he has a right to an order of arrest, applies to the Clerk or to the Judge for it upon an affidavit. The officer applied to, is the Judge in whose jurisdiction it is to decide whether the affidavit is sufficient, and whether to issue it or not. If he decides erroneously, and issues it upon an affidavit not in law sufficient, the order being within his jurisdiction is not void ; it may be vacated, but while it remains in force, it protects all persons who *bona fide* act under it. The complaint is that the defendant "wrongfully" procured an order of arrest. That can only mean that he illegally procured the order. But the order although it may have been erroneous, (as to which we say nothing) was certainly legal as having been issued by a Judge having jurisdiction to issue it, and it does not appear ever to have been vacated. These doctrines are also elementary.

PER CURIAM. Judgment reversed and action dismissed.