EDWARD D. GREER v. SKYWAY BROADCASTING COMPANY, A
CORPORATION, AND B. P. JUSTICE.

(Filed 28 February, 1962.)

**1. Public Officers § 9; Malicious Prosecution § 1—**

A law enforcement officer may be held liable as an individual for malicious prosecution if such officer acts in a corrupt and malicious manner, not in the interest of the public, and without probable cause.

**2. Malicious Prosecution § 8—**

To make out a case of malicious prosecution the plaintiff must allege and prove that defendant instituted, or procured, or participated in a criminal proceeding against him maliciously without probable cause, and the termination of the prosecution in favor of plaintiff, and while it is not necessary to employ the term "want of probable cause," it is required that there be allegation of facts necessarily showing such want.

**3. Same—**

A complaint alleging that a law enforcement officer swore out a warrant charging of his own knowledge that plaintiff had committed certain specified crimes when he knew that the victim of the offenses had told him plaintiff was not the man who had committed the offenses, fails to state a cause of action against the officer for malicious prosecution, since the complaint fails to allege probable cause *ipsissimis verbis* or facts necessarily showing want of probable cause, it being possible that the officer had probable cause even though the victim could not identify plaintiff as the perpetrator.

**4. False Imprisonment § 2; Arrest and Bail § 11—**

Allegations to the effect that a law enforcement officer maliciously swore out a warrant and arrested plaintiff, without allegation of any defect in the warrant or that, if the warrant were defective, the officer was not authorized to arrest plaintiff without a warrant under G.S. 15-41, are insufficient to state a cause of action against the officer either for false imprisonment or false arrest.

**5. Libel and Slander § 1—**

Libel can be committed by defamatory pictures.

**6. Same—**

It would seem that slander as well as libel can be committed by defamatory words broadcast by radio.

**7. Libel and Slander § 2—**

Any written or spoken words or pictures falsely imputing that a person is guilty of the crime of rape or robbery are actionable *per se*.

**8. Libel and Slander § 11—**

All who take part in the publication of a libel, or who procure or command libelous matter to be published are jointly and severally liable, and persons entering into a common agreement or conspiracy to libel or slander another are jointly and severally liable.

**9. Pleadings § 2—**

The nature of the cause of action will be determined by the allegations of fact contained in the pleading as explained by the relief demanded, construing the pleading as a whole in favor of the pleader.

**10. Pleadings § 12—**

A demurrer admits the truth of factual averments well stated and relevant inferences deducible therefrom, but not legal inferences or conclusions.

**11. Pleadings § 18—**

Where the complaint alleges facts which might pertain to other causes of action, but which are alleged as bearing on the setting of the single cause of action alleged, and the facts alleged are sufficient to constitute only one cause of action, demurrer for misjoinder of parties and causes is properly overruled.

**12. Same—**

The complaint in the instant case, with the amendment thereto, alleging that defendant officer swore out and arrested plaintiff on a warrant charging of his own knowledge that plaintiff had committed certain crimes and that the defendant broadcasting company did broadcast by radio and television the arrest of plaintiff and the charge of the offenses, and that defendants acted maliciously pursuant to a conspiracy to injure plaintiff, and that the prosecutions were dismissed, *is held*, liberally construed as a whole in favor of the pleader, to state but a single cause of action against both defendants for joint libel and slander.

**13. Libel and Slander § 13;   Conspiracy § 2—**

Where there is evidence that defendants agreed and conspired together to libel and slander plaintiff or evidence from which such conspiracy may be inferred, the rules governing the admissibility of evidence in prosecutions for criminal conspiracy are ordinarily applicable, and words and deeds of each conspirator in furtherance of the common purpose may be proved against both, and motion of one defendant to strike allegations relating to the conduct of the other is properly refused.

WINBORNE, C.J., not sitting.

APPEAL by defendant Skyway Broadcasting Company from *Campbell, J.*, August 1961 Term of HENDERSON.

Plaintiff's complaint is as follows, part summarized, part quoted:

One. Plaintiff is a resident of Henderson County.

Two. Skyway Broadcasting Company, hereafter called Skyway, broadcasts by radio and telecasts by television from its studio in Asheville by authority of a federal franchise.

Three. B. P. Justice is a constable in Mills River Township, Henderson County.

Four. Skyway transmits by radio and television programs news and pictures over Western North Carolina and parts of adjacent States

several times a day. "It broadcasts and telecasts news programs several times each day and at 7 and 11 o'clock p.m. and has on a good many occasions transmitted news and moving pictures of criminal arrests and cases initiated and handled by the defendant Justice in several townships of Henderson County except his own township of Mills River."

Five. On the evening of 17 January 1961 Justice called Skyway, and told it he was about to make an arrest in a sensational case, a rape and robbery case, and suggested that it send television cameras and news gatherers to get pictures and news of the perpetrator being brought to jail.

Six. Justice waited until the arrival of Skyway's employees, who went to the city hall in Hendersonville at his suggestion. Upon their arrival Justice suggested they remain there while he and others went to make the arrest.

Seven. Then Justice, accompanied by several officers at his request, went to plaintiff's home in Hendersonville, and Justice and one officer entered plaintiff's home. Justice handcuffed plaintiff, telling him he was under arrest charged with the felonies of rape and robbery with violence. Justice said nothing about having a warrant, and did not name the alleged victim.

Eight. Justice and the officers carried plaintiff to the city hall in Hendersonville, and upon their arrival just outside, Skyway's television cameras made pictures showing plaintiff entering city hall handcuffed and surrounded by Justice and the officers. Inside city hall Skyway's television cameras took additional pictures of plaintiff in handcuffs.

Nine. While plaintiff, Justice, the officers, and Skyway's camera operators were in the city hall, the alleged victim was brought in, and was told by Justice to look at plaintiff, and say if she identified him as the perpetrator of the crimes against her. She failed to identify him. Whereupon, Justice carried her into a private room, and closed the door. Ten minutes later Justice returned, and said she had identified plaintiff as the perpetrator of the crimes against her, although she had told Justice in the private room she could not identify him.

Ten. The failure of the alleged victim to identify plaintiff, and the statement by Justice that she had identified plaintiff in the private room, all occurred in the presence of Skyway's camera operators and news gatherers.

Eleven. Plaintiff was carried by Justice and the officers to the county jail, denied bail, and incarcerated therein until a hearing ten days later.

Twelve. Justice signed and published an affidavit that plaintiff was

guilty of the crimes of rape and robbery, of his own knowledge, after the alleged victim had told him plaintiff was not the man who raped and robbed her.

Thirteen. On the same night at 11:00 o'clock p.m., and only a short time after the employees of Skyway knew the alleged victim had failed to identify plaintiff, Skyway telecast a news item that plaintiff had been arrested for the crimes of rape and robbery, and identified by the victim. This telecast program was heard throughout its telecast area.

Fourteen. On the next day Skyway during its news programs at 7:15 o'clock p.m. and 11:00 o'clock p.m. showed pictures of plaintiff in handcuffs and in the custody of Justice and the officers, and its newscaster broadcast that plaintiff had been arrested for rape and robbery, and had been positively identified by the victim, but still refused to admit his guilt, which was heard throughout its listening area, though Skyway and its employees knew the alleged victim had failed to identify plaintiff.

Fifteen. Justice swore out a warrant charging plaintiff of his own knowledge with the crimes of rape and robbery, and naming himself on the warrant as the only witness. Several days later Justice tore up this warrant, and swore out another warrant charging plaintiff on information and belief with the same crimes, and naming six or seven witnesses on the warrant, none of whom knew anything about it.

Sixteen. When the case came on for hearing before a justice of the peace, Justice obtained a continuance for several days. When the case came on for hearing again, the alleged victim looked at plaintiff and others in the courtroom, and said she did not see the man who raped and robbed her. Whereupon, the justice of the peace dismissed the charges against plaintiff for want of probable cause.

Seventeen. On 8 February 1961 plaintiff by his attorney sent a letter to Skyway, the receipt of which it acknowledged, to the effect that the language used about him in its newscasts of 17 January 1961 and 18 January 1961 was false and defamatory. On 19 February 1961 Skyway on its 7 o'clock p.m. newscast merely stated the charges against plaintiff had been dismissed by the magistrate for want of probable cause. More than ten days have elapsed since Skyway received his letter, but it has failed and refused to retract its false and defamatory statements about him, or to apologize. Both defendants wilfully and deliberately libeled and slandered plaintiff, because both defendants knew the alleged victim had failed to identify plaintiff, and knew there was no evidence to support the charges of rape and robbery against him.

Eighteen. Both defendants wilfully, deliberately and maliciously

wrote out and published the defamatory language about plaintiff and the pictures, and have made no effort to rectify the great wrong and damage they have done him.

Nineteen. By reason of the malicious, wanton and reckless conduct of both defendants, and each one of them, plaintiff has sustained pecuniary loss, damage to his reputation, and has suffered mental and physical pain, entitling him to recover actual and punitive damages.

Twenty. Justice, after the alleged victim had told him plaintiff was not the man who assaulted and robbed her and after he had incarcerated plaintiff in jail, went to plaintiff's home about midnight, when no one was present except his helpless mother, and ransacked it in an effort to find property allegedly stolen from the alleged victim.

Twenty-one. Plaintiff did not rape or rob the alleged victim, all of which was known to both defendants.

Twenty-two. Skyway is the owner of property and assets in excess of one million dollars.

Wherefore, plaintiff prays that it recover actual and punitive damages from defendants, and each one of them, in a large amount, and that Justice be taken in arrest and held to bail.

By leave of court plaintiff filed an amendment to his complaint in substance as follows:

One. Both defendants conspired and agreed with each other to libel and slander plaintiff as heretofore alleged, and they agreed, expressly or impliedly, to charge and accuse plaintiff with the crimes hereinbefore alleged.

Two. The charges and accusations made against plaintiff by defendants were false, libelous, slanderous, and defamatory, to both defendants' own knowledge, and were prompted by actual malice, and were wilfully and recklessly made, uttered and published by both defendants in wanton and reckless disregard and criminal indifference to plaintiff's rights.

Defendant Justice filed a written motion to strike from the complaint paragraphs 5, 6, 7, 9, 16, 17, 20, and 22. Judge Campbell entered an order allowing his motion as to paragraphs 20 and 22, and denying it as to the other paragraphs. Justice did not except to the judge's ruling, and has not filed a petition for a writ of *certiorari* under Rules of Practice, Rule 4 (a) of this Court.

Defendant Skyway on 18 April 1961 filed a written demurrer to the complaint, and the amendment thereto, on two grounds: One, the complaint fails to allege facts sufficient to constitute a cause of action. Two, there is a fatal misjoinder of parties and causes of action.

Defendant Skyway on 22 August 1961 filed a written .motion to

strike from the complaint the quoted sentence from paragraph 4, and all of paragraphs 3, 5, 6, 7, 8, 9, 11, 12, 15, 16, 18, 19, 20, and 22.

Judge Campbell entered an order and judgment overruling Skyway's demurrer, granting its motion to strike paragraphs 11, 15, 16, 20, and 22, and denying the remainder of its motion to strike.

From the judgment overruling its demurrer, and from the order denying its motion to strike in part, as above specified, Skyway appeals.

*Parker, McGuire & Bailey, By J. M. Bailey, Jr., for defendant appellant.*

*R. Lee Whitmore for plaintiff appellee.*

PARKER, J.   Skyway assigns as error the overruling of its demurrer, and contends there is a clear and fatal misjoinder of parties and causes of action, for the reason that the complaint alleges four causes of action, which do not affect all the parties to the action. One, a cause of action against Justice as an individual for false arrest, false imprisonment, and malicious prosecution. Two, a cause of action against Justice as an individual for libel. Three, a cause of action against Skyway for libel. Four, a cause of action against both defendants for conspiracy to libel and slander plaintiff, though the allegations of conspiracy are vague and indefinite and not supported by any alleged factual basis.

Plaintiff contends a reading of the complaint, with the amendment thereto, reveals an alleged conspiracy entered into between the defendants to libel and slander plaintiff, and a libeling and slandering of plaintiff by both defendants pursuant to the conspiracy, and nothing more. That his allegations in respect to the taking out of the warrant, his arrest, and imprisonment are necessary to show how the libel and slander originated.

Has plaintiff alleged a cause of action against Justice individually for malicious prosecution, as contended by Skyway?

There is a sharp conflict of authority as to whether or not a law enforcement officer can be held liable for malicious prosecution. A number of Courts hold that the doctrine, which may aptly be termed the "doctrine of judicial immunity" is applicable to law enforcement officers. The rationale of these cases is public policy requires that law enforcement officers be exempted from civil liability for acts within the scope of their authority so that they may fearlessly administer their duties, since the efficient functioning of law enforcement machinery is dependent largely upon the investigation of crime and the accusation of offenders by such officers. Other Courts hold the "doc-

trine of judicial immunity" inapplicable to such officers. Annotation, 28 A.L.R. 2d 646; 34 Am. Jur., Malicious Prosecution, sec. 86.

In *State on relation of A. O. Hedgepeth v. L. L. Swanson, Sheriff of Vance County, and The National Surety Company,* 223 N.C. 442, 27 S.E. 2d 122, the complaint alleged, *inter alia,* that:

" 'The defendant, Swanson, then acting by virtue and under color of his office as Sheriff of Vance County, and inspired not by any regard for the public interest or welfare, but simply and solely out of hate, vengeance and malice toward this plaintiff, wilfully, wantonly, falsely and maliciously, contriving and intending to injure the plaintiff, and to cause plaintiff to be arrested,' procured from a justice of the peace a search and seizure warrant, authorizing the defendant Swanson to search the premises of the plaintiff; and it is also alleged 'That the said defendant, Swanson, at the same time he procured the search and seizure warrant . . . by means of a false and malicious affidavit as hereinbefore set forth, went before . . ., the Clerk of Recorder's Court of Vance County, and falsely, wantonly, and maliciously, and without reasonable or probable cause therefor, charged the plaintiff, before the Clerk of the Recorder's Court, with violation of the liquor laws of the State by operating a whiskey still and manufacturing intoxicating liquor, and by means of a false and malicious affidavit caused said Clerk of Recorder's Court to make out a writ in due form of law for the arrest of plaintiff, and said defendant, Swanson, falsely, maliciously, and without probable cause caused plaintiff to be arrested on said charge, . . .' and that when the case came on for trial the 'Judge of the Recorder's Court directed that said prosecution and warrant be *nol prossed.* That a *nol pros* was thereupon entered in said cause and said prosecution was thereby ended and wholly determined, and this plaintiff was released from his bond and discharged from said Court'; that in swearing out the warrants aforesaid the defendant 'Swanson was actuated throughout, not by any regard for the public interest, but solely and exclusively by the hate, malice and spirit of revenge which he entertained toward the plaintiff'; and '. . . in swearing out said warrants and procuring the searching of the plaintiff's premises, and the arrest and prosecution of plaintiff upon a criminal charge, professed to be acting, and was acting, under and by virtue and color of his office, as Sheriff of Vance County.' "

Each defendant filed a demurrer *ore tenus* to the complaint on the ground it did not state facts sufficient to constitute a cause of action.

The demurrers were sustained, and plaintiff appealed. On appeal the judgment of the lower court was reversed. In its opinion the Court said:

> "There is ample allegation of the fact that the defendant in procuring the search warrant for the plaintiff's premises and the warrant for his arrest upon a charge of violating the prohibition laws acted corruptly and with malice. True, the words 'corruptly' or 'corruption' are not used to describe the action of the defendant but the words 'falsely,' 'wantonly,' 'out of revenge' and 'without regard to the public interest' all imply corrupt action on the part of the defendant Sheriff. And the words 'out of hate,' 'malicious' and similar expressions in the complaint are a clear allegation of malice. The complaint likewise alleges that the action of the defendant Sheriff in procuring the search of the plaintiff's premises and arrest of his person was 'without probable cause.'
>
> "The requirements for an action for malicious prosecution against a public officer to recover damages caused by the performance of discretionary acts by such officer in a corrupt and malicious manner having been alleged, the demurrer to the complaint filed by the Sheriff was erroneously sustained. . . ."

Paragraph 12 of the complaint alleges that Justice signed *and published* an affidavit that plaintiff was guilty of the crimes of rape and robbery, of his own knowledge, after the alleged victim had told him plaintiff was not the man who raped and robbed her. The complaint further alleges in paragraph 15 Justice swore out a warrant charging plaintiff of his own knowledge with the crimes of rape and robbery, and naming himself on the warrant as the only witness. Several days later Justice tore up this warrant, and swore out another warrant charging plaintiff on information and belief with the same crimes, and naming six or seven witnesses on the warrant, none of whom knew anything about it. Paragraph 15 of the complaint was stricken therefrom on Skyway's motion; Justice did not move that it be stricken. Paragraph 16 of the complaint alleges a failure of the prosecution of plaintiff for the crimes of rape and robbery. This paragraph was stricken from the complaint by Judge Campbell on Skyway's motion, but he denied Justice's motion to strike the same paragraph.

To make out a case of malicious prosecution the plaintiff must allege and prove that defendant instituted, or procured, or participated in a criminal proceeding against him maliciously, without probable cause, which ended in failure. *Carson v. Doggett*, 231 N.C. 629, 58 S.E. 2d 609; *Dickerson v. Refining Co.*, 201 N.C. 90, 159 S.E. 446; *Wingate v. Causey*, 196 N.C. 71, 144 S.E. 530. "It is not necessary to allege a want

of probable cause in terms where there is a statement of facts necessarily showing it." 34 Am. Jur., Malicious Prosecution, sec. 116.

The complaint does not allege that Justice swore out the warrants against plaintiff without probable cause in terms. It may be, or it may not be, that Justice had probable cause to swear out the warrants here, even though the victim could not identify plaintiff as the perpetrator of the alleged crimes against her. However that may be, the complaint in our opinion does not contain a statement of facts necessarily showing want of probable cause. In the light of the complaint in the *Swanson* case, and the language of the Court in that case, the complaint here does not allege a cause of action against Justice individually for malicious prosecution.

It would seem from the language of the complaint that the warrants here were issued by a justice of the peace in Henderson County. There is nothing in the complaint to show that the warrants did not properly charge the crimes of rape and robbery against plaintiff, or that the justice of the peace issuing the warrants did not have jurisdiction as a committing magistrate for the offenses charged. If Justice did not have a warrant when he arrested plaintiff, there is no language in the complaint showing that he was not authorized to arrest him without a warrant under the provisions of G.S. 15-41. It seems from the language of the complaint that plaintiff was carried to jail, and held there without bail until the hearing, by the magistrate's commitment.

The language of *Ruffin, C.J.,* for the Court in *Welch v. Scott,* 27 N.C. 72, quoted with approval in *Alexander v. Lindsey,* 230 N.C. 663, 55 S.E. 2d 470, is as follows: "When the warrant purports to be for a matter within the jurisdiction of the justice, the ministerial officer is obliged to execute it, and, of course, must be justified by it. He cannot inquire upon what evidence the judicial officer proceeded, or whether he committed an error or irregularity in his decision." "Ordinarily an officer is protected in serving a warrant, for the arrest of an accused named therein even though the warrant is defective." *Alexander v. Lindsey, supra.*

In our opinion, a study of the complaint as a whole, with the amendment thereto, leads us to the conclusion that it does not allege a cause of action against Justice individually for false arrest and false imprisonment.

Libel can be committed by defamatory pictures. *Flake v. The Greensboro News Co.,* 212 N.C. 780, 195 S.E. 55; 33 Am. Jur., Libel and Slander, sec. 3. Libel, and it would seem slander, can be committed by defamatory words broadcast by radio, although it has been intimated that the distinctions between libel and slander are inapplicable to

radio broadcasting. 33 Am. Jur., Libel and Slander, p. 39; Annotation 171 A.L.R., p. 780 *et seq.;* 53 C.J.S., Libel and Slander, p. 200.

Any written or spoken words or pictures falsely imputing that a person is guilty of the crime of rape or robbery are actionable *per se,* because these crimes involve moral turpitude. *Penner v. Elliott,* 225 N.C. 33, 33 S.E. 2d 124; 33 Am. Jur., Libel and Slander, sec. 33; 53 C.J.S., Libel and Slander, p. 110, robbery, p. 121, rape.

"It is well settled that all who take part in the publication of a libel or who procure or command libelous matter to be published may be sued by the person defamed either jointly or severally." *Taylor v. Press Co.,* 237 N.C. 551, 75 S.E. 2d 528, where plenary authority is cited in support of this principle of law.

"However, several persons may be jointly liable for a slander if there exists a common agreement or conspiracy between them to injure plaintiff. Where the slanderous words are uttered by one person at the instigation or direction of another, there is but one slander, for which they are jointly liable, . . ." 53 C.J.S., Libel and Slander, pp. 243-4. To the same effect, *Rice v. McAdams,* 149 N.C. 29, 62 S.E. 774. See also Annotation 34 A.L.R., pp. 346-7.

"Every pleader has or should have some definite theory which he seeks to develop in his pleading and upon which he expects the court to grant relief. This is generally determined by the allegations of fact and explained by the relief demanded." McIntosh, N. C. Practice and Procedure, 2nd Ed., Vol. 1, p. 556. The Court said in *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25: "In ascertaining whether a pleading upholds a theory, the court construes the allegations of the pleading with liberality in favor of the pleader with a view to presenting the case on its real merits." It is stated in 41 Am. Jur., Pleadings, sec. 70: "A pleading, like any other document, is to be construed as a whole."

A demurrer presents squarely for decision the sufficiency of such plea, because the demurrer, for the purpose, admits the truth of factual averments well stated, and such relevant inferences as may be deduced therefrom, but not legal inferences or conclusions of law asserted by the pleader. *Lumber Co. v. Hunt,* 251 N.C. 624, 112 S.E. 2d 132.

Accepting as true the allegations of fact stated in the complaint, with the amendment thereto, and explained by the relief demanded, and construing their allegations of fact as a whole and with liberality in favor of the pleader with a view to presenting the case on its merits, we are of opinion, and so hold, that it states one cause of action against both defendants for joint libel and slander, by reason of a common agreement or conspiracy existing between them to injure plaintiff. The demurrer of Skyway was properly overruled.

"The rules and principles governing the admissibility of evidence

in criminal prosecutions generally are ordinarily applicable in prosecutions for defamation. . . . Acts and declarations of one of several conspirators alleged to have participated in a criminal libel may be shown, even though they were not made in the presence of the others, if the evidence suffices to make out a prima facie case of conspiracy." 33 Am. Jur., Libel and Slander, p. 305.

"When a conspiracy is established, everything said, done or written by any one of the conspirators, in execution or furtherance of the common purpose, is deemed to have been said, done, or written by each and all of them, and may be proved against any or all." *S. v. Lea*, 203 N.C. 13, 28, 164 S.E. 737, 745.

While the language of plaintiff's pleadings is prolix, the trial court properly refused to strike from the complaint on Skyway's motion the last sentence above quoted from paragraph 4, and the entire paragraphs 3, 5, 6, 7, 8, 9, 12, 18, and 19.

Judge Campbell's judgment and order from which Skyway alone appeals is

Affirmed.

WINBORNE, C.J., not sitting.