EDWARD A. BASSINOV v. MAX FINKLE.

(Filed 17 January 1964.)

**1. Malicious Prosecution § 3—**

An action for malicious prosecution must be based upon a valid warrant, and the validity of the warrant may be challenged by motion to nonsuit.

**2. Same—**

The law does not require the same particularity in warrants as in indictments, and, in an action for malicious prosecution, a warrant charging the larceny of goods of a value constituting a felony will not be held void for failure to use the word "feloniously" if the clerk issuing the warrant had authority to issue warrants for felonies and the court has the power to bind defendant over on felony charges. G.S. 7-395, G.S. 7-396.

**3. Malicious Prosecution §§ 4, 5—**

The rule in North Carolina is that advice of counsel upon a full disclosure of the facts will not of itself afford protection from a suit for malicious prosecution as a matter of law, but is only evidence to be considered on the issue of probable cause and malice. However, in the instant case, the evidence *is held* not to show that defendant acted on the advice of counsel in instituting the prosecution.

**4. Pleadings § 25—**

The court has discretionary power to allow an amendment to a pleading provided the amendment does not set up a wholly different or inconsistent cause of action, and the allowance of an amendment for the recovery of punitive damages on the cause of action originally stated does

not change the cause of action but merely permits a new kind of relief in the same cause, and is within the discretion of the court.

APPEAL by defendant from *Bundy, J.,* November 1962 Civil Session of PERSON.

Action to recover damages for malicious prosecution.

Plaintiff Bassinov and his wife moved to Roxboro in 1948. About 1954 they decided to purchase a new home. Plaintiff discussed the matter with defendant Finkle, his father-in-law, who agreed to make the down payment. Finkle resided in Raleigh. The purchase was consummated, Finkle made the down payment and took title in his (Finkle's) name. Plaintiff and his wife and children occupied the house and plaintiff made monthly payments to a savings and loan association which had financed the balance of the purchase price. From time to time defendant Finkle either carried or sent articles of household furniture and equipment to the Bassinov home. Plaintiff contends these items were gifts to the family but defendant insists he loaned them to the Bassinovs. In June 1960 plaintiff's wife, and children, left Roxboro ostensibly for a three-weeks visit with her sister in Arizona. They have not returned and plaintiff and his wife have been separated since that time. Soon after the separation defendant requested plaintiff to vacate the home in Roxboro and leave the furnishings in it. Plaintiff vacated the premises and had all furniture and equipment removed and stored.

On 14 September 1960 defendant caused a warrant to issue charging plaintiff with the larceny of household furniture and equipment of a value of more than $100. Plaintiff was arrested thereunder and released on bail. In the county court of Person County on 27 September 1960 the State took a nol pros and Bassinov was discharged.

On 25 January 1961 defendant swore out a warrant charging plaintiff with the embezzlement of $450 from a sale of a station wagon jointly owned by plaintiff and his wife, the sale having been procured at the instance of plaintiff without authority from his wife. The county court of Person County on 7 March 1961 dismissed the action for want of probable cause.

Plaintiff instituted the present suit alleging two causes of action for malicious prosecution, (1) based upon the larceny prosecution, and (2) based upon the embezzlement prosecution. Plaintiff asked for punitive damages in the second cause of action. At the trial the court allowed defendant's motion for nonsuit of the second cause of action at the close of plaintiff's evidence, but denied such motion as to the first cause of action. The judge in his discretion then allowed plaintiff to amend

the complaint so as to allege grounds, and ask, for punitive damages in the first cause of action.

The jurors found for their verdict that defendant prosecuted plaintiff for the felony of larceny, maliciously and without probable cause, and that defendant was motivated by actual malice. They awarded $3000 compensatory damages and $12,000 punitive damages. Judgment was entered accordingly. Defendant appeals.

*Melvin H. Burke and Blackwell M. Brogden for plaintiff.*
*Jordan & Toms for defendant. (In the Supreme Court only.)*

MOORE, J.  Defendant assigns as error the denial of his motion for nonsuit made at the close of all of the evidence.

First, defendant contends that the action is not maintainable for the reason that the larceny warrant is fatally defective and invalid.

An action for malicious prosecution must be predicated upon a valid warrant. *Caudle v. Benbow*, 228 N.C. 282, 45 S.E. 2d 361. A motion for nonsuit in an action for malicious prosecution challenges the validity of the warrant upon which plaintiff was prosecuted. *Carson v. Doggett*, 231 N.C. 629, 58 S.E. 2d 609; *Young v. Hardwood Co.*, 200 N.C. 310, 156 S.E. 501.

The challenged warrant charges that plaintiff on 1 August 1960 "did wilfully, maliciously and unlawfully take, steal and carry away household & kitchen furniture; venitian (*sic*) blinds; two television sets; kitchen utensils and linens, having a value of over $100.00, the property of Max Finkle, with intent to deprive the owner of same, against the statute," etc. The warrant was signed under oath by Max Finkle before Norma G. Clayton, "Dep. Clerk County Court" of Person County, on 14 September 1960. On the date of the alleged offense, the date of the warrant, and the date nol. pros. was entered, the larceny of goods of a value in excess of $100 was a felony. S.L. 1949, Ch. 145, § 2. The value element was raised by S.L. 1961, Ch. 39 § 1 effective 1 July 1961. See G.S. 14-72.

Defendant's specific contention is that the omission of the word "feloniously" renders the warrant invalid. The complaint alleges in effect, and the trial proceeded on the theory, that the offense charged in the warrant was a felony. This Court has repeatedly held that bills of indictment charging criminal offenses punishable with death or imprisonment in the State's Prison, in which there has been a failure to use the word "feloniously," are fatally defective, unless the Legislature otherwise expressly provides. *State v. Callett*, 211 N.C. 563, 191 S.E. 27. In a malicious prosecution case, *Moser v. Fulk*, 237 N.C. 302, 74

S.E. 2d 729, it is said: "A *warrant* is insufficient and void if, on its face, it fails to state facts sufficient to constitute an offense. However, the strictness required in an indictment is not essential."

In *State v. Jones*, 88 N.C. 671, defendant was charged with the murder of an officer who had served on defendant a warrant, issued by a justice of the peace, charging him with larceny of an ox. In attempting to escape from custody, defendant killed the officer. Defendant contended that the officer was without authority to arrest and detain him for that the larceny warrant was defective in omitting the word "feloniously." The court held that the law does not require the same particularity in warrants as indictments, and the officer was bound to obey the warrant, and said: "The conclusion we deduce from the authorities is, if the warrant is for an offence within the jurisdiction of the justice (jurisdiction to issue warrant), and the crime charged is described with sufficient precision to apprise the accused of the offence with which he is charged, the warrant is good and will protect the officer. But this applies only to those cases where the justice acts ministerially, as in warrants to arrest offenders where he has no final jurisdiction. Where he takes cognizance of criminal actions within his jurisdiction, the warrant is 'the indictment,' and must set out the facts, constituting the offence, with such certainty that the accused may be enabled to judge whether they constitute an indictable offence or not, and that he may be able to determine the species of offence with which he is charged." (Parentheses added).

The county court of Person County was established pursuant to P.L. 1931, Ch. 78 (codified as G.S., Ch. 7, art. 36). It does not have final jurisdiction of felonies. G.S. 7-393. But the clerk may issue warrants in felony cases, and the court is empowered to determine whether probable cause exists in such cases. G.S. 7-395; G.S. 7-396. The warrant in question describes the crime charged with sufficient precision to apprise plaintiff of the offense he was required to answer; it was the sheriff's duty to execute it; it was sufficient to bring plaintiff to trial. The warrant was drawn on a form in common use in the county court, and the printed portion does not contain the word "feloniously." The mere omission of that word does not defeat the action for malicious prosecution.

Defendant recognizes that the long established rule in North Carolina is "that advice of counsel, however learned, on a statement of facts, however full, does not of itself and as a matter of law afford protection to one who has instituted an unsuccessful prosecution against another; but such advice is only evidence to be submitted to the jury" on the issues of probable cause and malice. *Bryant v. Mur-*

*ray,* 239 N.C. 18, 23, 79 S.E. 2d 243; *Downing v. Stone,* 152 N.C. 525, 530, 68 S.E. 9.

The North Carolina rule is not in accord with the weight of authority in other jurisdictions. 32 N.C.L. Rev. 504. Defendant considers the North Carolina rule a harsh one and requests that it be re-examined. A similar request was made in the *Bryant* case (1953), and the Court, quoting from the *Downing* opinion, said: "it has been too long accepted and acted on here to be now questioned, and we are of the opinion, too, that ours is the safer position."

The majority rule is that defendant makes out a complete defense by showing that he truly and correctly stated to counsel fully, fairly, and in good faith, all of the facts bearing upon the guilt or innocence of the accused, that in good faith he received advice justifying the prosecution, and that he acted on that advice in instituting the proceedings of which plaintiff complains. 54 C.J.S., Malicious Prosecution, §§ 46, 49, pp. 1010, 1014. Even if this were the rule in North Carolina it would not avail the defendant in this case. He did not testify. Mr. R. B. Dawes, Jr., County Solicitor, testified that defendant related to him facts bearing upon the accusations against Bassinov, and he (Mr. Dawes) suggested that defendant consult Mr. Charles Wood, a private attorney, "with a view toward investigation." Nowhere in the evidence does it appear that Mr. Dawes advised defendant either to prosecute or not to prosecute. Mr. Wood testified that he gave no advice prior to the issuance of the warrant whether the facts would justify a prosecution for larceny. He was under the impression that defendant "had elected a course of action." After the issuance of the warrant, and after he had learned the facts, Mr. Wood advised that the case be dismissed. No inference may be drawn from the evidence that defendant acted upon the advice of counsel in instituting the prosecution.

Plaintiff's evidence upon each of the elements of malicious prosecution is sufficient to withstand the motion for nonsuit.

Defendant contends that the judgment relating to punitive damages should not be permitted to stand for the reason that the court erred in permitting the amendment to the complaint as a basis for recovery of such damages.

The court in its discretion may, before or after judgment, amend any pleading by inserting other allegations material to the case, or, when the amendment does not change substantially the claim, by conforming the pleading or proceeding to the facts. G.S. 1-163. *Perkins v. Langdon,* 233 N.C. 240, 63 S.E. 2d 565, discusses this statute fully and establishes some guidelines for its application. We do not undertake to repeat the discussion here; we merely refer to a few established prin-

ciples. Since the authority is discretionary, there are no inflexible rules. But the court may not permit a litigant to set up by amendment a wholly different cause of action or an inconsistent cause. The allowance of an amendment which only adds to the original cause of action is not such substantial change as to amount to an abuse of discretion. *Parker v. Realty Co.*, 195 N.C. 644, 143 S.E. 254. In the case at bar the amendment does not change the cause of action but merely permits a new kind of relief in the same cause. In this respect it is analagous to the *Parker* case. Furthermore, it is not at all clear that the pleadings as originally cast would not permit a recovery of punitive damages. This assignment of error is not sustained.

There are 96 assignments of error and most of them are brought forward and discussed in the briefs. Suits involving penalties are not favored by the courts. Therefore, we have given utmost consideration to defendant's assignments of error and discussions of legal questions involved, and to each of them. Even so, we find no prejudicial error. The case was carefully and patiently tried. The charge of the court is in full compliance with the requirements of G.S. 1-180; it clearly states all applicable principles of law and applies the law to the facts. The jury resolved the issues against defendant. We find no ground for disturbing the judgment.

No error.