ROY GRAY v. RICHARD GRAY

No. 768SC149

(Filed 21 July 1976)

1. **Damages § 6— breach of contract — lost profits — showing required for recovery**

   Lost profits may be recovered where it is reasonably certain that such profits would have been realized except for the breach of the contract, and where there is substantial evidence by which the damages can be ascertained and measured with reasonable certainty.

2. **Damages § 15— breach of contract to allow cultivation of lands — loss of profits — insufficiency of evidence**

   In an action for breach of a contract to allow plaintiff to cultivate certain lands in 1971, plaintiff's evidence of loss of profits was insufficient where plaintiff testified that he tended the same croplands in 1971 as in 1970, except for the lands in question, and plaintiff's tax returns, with farm expense schedules for both years, were introduced, but there was no evidence to indicate whether market prices received for crops were the same in 1971 and 1970 or whether expenses for such items as fertilizer, fuel, chemicals and labor were approximately the same in both years.

3. **Malicious Prosecution § 1— requirements for establishing malicious prosecution**

   In order to recover in an action for malicious prosecution the plaintiff has to establish that defendant (1) instituted or procured the institution of an earlier proceeding against plaintiff, (2) maliciously and (3) without probable cause, and (4) that the proceeding terminated in plaintiff's favor.

4. **Malicious Prosecution § 9— probable cause — burden of proof**

   In an action for malicious prosecution plaintiff has the burden of alleging and proving that the prior proceeding against him was instituted without probable cause, and probable cause depends upon whether there was a reasonable ground for suspicion, supported by circumstances sufficiently strong to warrant a cautious man's belief in the guilt of accused.

5. **Malicious Prosecution § 13— prior inebriacy action — existence of probable cause — directed verdict proper**

   Testimony by plaintiff that he drank every day, that some days he drank more than others, that his drinking had increased over the years, and that he drank "probably a pint a day" was sufficient to show that defendant, who was plaintiff's brother, had reasonable grounds to suspect that plaintiff had an alcoholic problem serious enough to warrant the institution of an earlier inebriacy proceeding; therefore, the trial court should have directed a verdict in defendant's favor as to malicious prosecution.

APPEAL by defendant from *Griffin, Judge*. Judgment entered 4 October 1975 in Superior Court, WAYNE County. Heard in the Court of Appeals 26 May 1976.

This civil action is to recover damages for breach of contract and for malicious prosecution. Plaintiff and defendant are brothers.

Plaintiff alleged that he had a contract with defendant, acting as agent for their father, Claudie Gray, to cultivate certain lands, known as the Benson Farm and the homeplace, for the crop year 1971. After plaintiff began cultivation it is alleged that defendant ordered him off the property and thus breached the contract.

It is also alleged that defendant maliciously instituted a special proceeding to have plaintiff committed as an inebriate. (Plaintiff was in fact arrested pursuant to the proceeding and released a few hours later after being examined by two physicians.)

Defendant answered and denied all material allegations.

At the close of plaintiff's evidence, and at the close of all evidence upon a trial by jury, defendant moved for directed verdict in the action for breach of contract on the grounds, among others, that the evidence failed to show damages, and in the malicious prosecution action on the grounds that there was probable cause as a matter of law for defendant to institute inebriacy proceedings against plaintiff. The motions were denied.

The jury found that plaintiff was entitled to damages of $4,000 for breach of contract, and $25,000, including $10,000 punitive damages, for malicious prosecution. Judgment was entered on the verdict and defendant moved to have the verdict and judgment set aside, and to have judgment in accordance with his previous motions for directed verdict. Motion was denied, as was a motion for new trial, and defendant appealed to this Court.

*W. Powell Bland and Herbert B. Hulse for defendant appellant.*

*Roland C. Braswell for plaintiff appellee.*

ARNOLD, Judge.

Plaintiff testified that he tended the same croplands in 1971 as he tended in 1970, except for the Benson farm and the homeplace. He stated that the crop allotments, weather conditions, and the equipment he used were about the same for both years. Plaintiff's tax returns, with farm income and expense schedules, for 1970 and 1971 were introduced also.

Defendant assigns as error the admission of plaintiff's evidence as to damages for breach of contract. He contends that the proof of lost profits was uncertain and speculative. We see merit in this contention.

[1]   Lost profits may be recovered where it is reasonably certain that such profits would have been realized except for the breach, and where there is substantial evidence by which the damages can be ascertained and measured with reasonable certainty. *Perkins v. Langdon,* 237 N.C. 159, 74 S.E. 2d 634 (1953). All reasonable factors must be shown to provide a basis for determining that the profits would have been realized except for the breach. *Tillis v. Cotton Mills* and *Cotton Mills v. Tillis,* 251 N.C. 359, 111 S.E. 2d 606 (1959); also, *Daly v. Weeks,* 10 N.C. App. 116, 178 S.E. 2d 30 (1970).

[2]   Evidence of plaintiff's special damages was insufficient. No evidence was offered to indicate whether market prices received for crops were the same in 1971 as they were in 1970, or whether expenses, for such items as fertilizer, fuel, chemicals and labor, were approximately the same in 1971 as in 1970. These are reasonable factors to be considered in ascertaining and measuring with reasonable certainty the amount of plaintiff's lost profits.

[3]   In order to recover in an action for malicious prosecution the plaintiff has to establish that defendant (1) instituted, or procured the institution of, an earlier proceeding against plaintiff, (2) maliciously and (3) without probable cause, and (4) that the proceeding terminated in plaintiff's favor. See 5 N. C. Index 2d, Malicious Prosecution, § 1, p. 274, and cases cited therein; also see Malicious Prosecution in North Carolina, 47 N.C.L. Rev. 285.

[4]   Plaintiff has the burden of alleging and proving that the prior proceeding against him was instituted without probable cause. *Greer v. Broadcasting Co.,* 256 N.C. 382, 124 S.E. 2d 98

(1962). A lack of probable cause is not established by showing that the prior proceeding terminated in plaintiff's favor, *Fowle v. Fowle,* 263 N.C. 724, 140 S.E. 2d 398 (1965), or that the proceeding was instituted maliciously, *Tucker v. Davis,* 77 N.C. 330 (1877), or that plaintiff was innocent, *Mooney v. Mull,* 216 N.C. 410, 5 S.E. 2d 122 (1939). Probable cause depends upon whether there was a reasonable ground for suspicion, supported by circumstances sufficiently strong to warrant a cautious man's belief in the guilt of the accused. *Cook v. Lanier,* 267 N.C. 166, 147 S.E. 2d 910 (1966).

[5] The question critical to this case is whether plaintiff's evidence established a lack of probable cause, i.e., whether there was a reasonable ground for suspicion by a reasonable man that plaintiff was an inebriate. Defendant contends that the trial court should have directed a verdict in his favor as to malicious prosecution because the evidence established as a matter of law that he had probable cause to institute the inebriacy proceeding. We agree with defendant.

It is not necessary to review all the pertinent evidence regarding plaintiff's drinking habits. There is contradictory evidence in the record, but plaintiff himself, on cross-examination, testified concerning his drinking pattern over a thirteen year period. He stated that he drank every day, and that some days he drank more than others. He further testified that his drinking had increased over the years, and, though he denied drinking a fifth of whiskey a day, he admitted that he drank "probably a pint a day."

This evidence was sufficient for a reasonable man to have reasonable grounds to suspect that plaintiff, who was defendant's brother in this case, had an alcoholic problem serious enough to warrant the institution of an inebriacy proceeding.

It is our opinion that defendant's motion for directed verdict should have been granted as to malicious prosecution. Since defendant complied with G.S. 1A-1, Rule 50(b)(1) by moving for judgment notwithstanding the verdict, in addition to moving for directed verdict at the close of all the evidence, we direct entry of judgment in accordance with defendant's motion as to the allegations of malicious prosecution. G.S. 1A-1, Rule 50(b)(2); *Nichols v. Real Estate, Inc.,* 10 N.C. App. 66, 177 S.E. 2d 750 (1970).

The verdict and judgment are vacated and a new trial is ordered in plaintiff's action for breach of contract. The cause is remanded with direction that judgment be entered in accordance with defendant's motion for directed verdict in the action for malicious prosecution.

New trial in part.

Reversed and remanded in part.

Judges PARKER and HEDRICK concur.