RICHARD STEPHEN JOHNSON v. GERALD E. WHITTINGTON

No. 7810SC888

(Filed 19 June 1979)

Malicious Prosecution § 11.2— probable cause—magistrate's issuance of warrant for wrong offense

Plaintiff's action for malicious prosecution should have been dismissed where the evidence showed as a matter of law that probable cause existed for the issuance of warrants charging either felonious larceny of plants from defendant's plant shop or felonious possession of stolen property. The fact that the magistrate erroneously issued the warrant against plaintiff for receiving stolen goods rather than for larceny or possession of stolen property was not chargeable to defendant and did not establish the absence of probable cause.

APPEAL by defendant from *Clark, Judge*. Judgment entered 16 May 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 1 June 1979.

*Gary S. Lawrence, for the plaintiff.*

*Kimzey, Smith & McMillan, by James M. Kimzey, for the defendant.*

MARTIN (Robert M.), Judge.

Plaintiff brought this civil action seeking recovery of damages allegedly suffered by him as a result of a criminal prosecution instituted against him at defendant's behest. He contends that the prosecution was malicious, in that there was no probable cause for the issuance of any warrant for his arrest.

Evidence received at trial tended to show that plaintiff was an employee at defendant's plant shop and greenhouses. Over a period of time, inventory checks at the plant shop revealed that significant numbers of plants of a broad range of varieties were missing and not accounted for. Plaintiff and one other employee of defendant were the only employees who had greenhouse facilities

of their own. Defendant conducted a surprise search of both employees' greenhouses, and discovered a substantial number of plants and pots from his shop in plaintiff's possession. On being confronted with this information, plaintiff at first argued that he had taken only discards and diseased plants from the shop. (Defendant and one of his employees gave evidence directly contrary to that assertion, however.) Plaintiff did, ultimately, admit to defendant that it was wrong for him to take the plants and that he "probable did not have the authorization" to do so. (This admission was affirmed by plaintiff on cross-examination during the trial of the instant action.) Defendant estimated the value of the plants taken as being in excess of $500.00. Plaintiff was not able to pay for the plants, and was discharged by defendant. The plants were subsequently returned to defendant's shop in a frost-bitten and highly damaged condition, so that almost none of them were useable or suitable for sale. Plaintiff demanded of defendant wages that he contended he was owed for his labor in part of the week in which he was fired. Defendant did not pay them and plaintiff filed a complaint with the Labor Board. Defendant then paid plaintiff the $45.00 he claimed was owed to him. After that, defendant went to a magistrate and swore out a warrant against plaintiff, the offense charged in the warrant being receiving stolen goods. The magistrate found probable cause and had the warrant executed. When the criminal charges came on for trial, the matter was dismissed as the prosecuting witness (defendant) did not appear. There is no evidence that any subpoena was ever served on defendant for his appearance. The plaintiff also put on evidence as to the expenses he had incurred in defending the criminal matter and damage to his reputation. The trial judge submitted the case to the jury on the following issues:

1. Was the warrant issued without probable cause?

2. If so, was the warrant issued wrongfully and maliciously?

3. What actual damages, if any, has the plaintiff sustained as a result of said prosecution?

4. Was the defendant motivated by actual malice in said prosecution?

5. If so, what punitive damages, if any, is the plaintiff entitled to recover?

The jury answered issues 1, 2 and 4 "yes," and answered issues 3 and 5 in the amounts of $3,300.00 and $1.00, respectively. Defendant made numerous motions to set aside or reduce the verdict and for a new trial. All were denied, and judgment was entered in accordance with the verdict.

We reverse the trial court and remand the cause for dismissal of the action. The evidence shows as a matter of law that probable cause existed for issuance of warrants charging either felonious larceny or felonious possession of stolen property. It is apparent that the magistrate erred in issuing the warrant charging receiving stolen goods; we do not think, however, that this error should be chargeable to defendant. Plaintiff had admitted his wrongful acts to defendant, and reaffirmed that admission in the trial of the instant case. The magistrate's finding of probable cause constituted *prima facie* evidence that reasonable grounds for the prosecution existed, *Mitchem v. National Weaving Co.*, 210 N.C. 732, 188 S.E. 329 (1936); *Stanford v. Grocery Co.*, 143 N.C. 419, 55 S.E. 815 (1906), and plaintiff's admissions, rather than rebutting the *prima facie* case, removed from contention the issue of probable cause. It was error, therefore, to submit the case to the jury at all. *Gray v. Bennett*, 250 N.C. 707, 110 S.E. 2d 324 (1959) is distinguishable in that here the question as to what offense was properly chargeable in the warrant from the evidence before the magistrate was not dependent upon a mixed state of fact and law contended for by the complaining witness and later proved to be incorrect, but rather was a determination of law to be made upon facts essentially uncontested by reason of plaintiff's admission.

Because of our disposition of this case, we need not reach the remaining assignments of error raised by appellant. The judgment of the trial court is reversed and the cause is remanded for entry of dismissal.

Reversed and remanded.

Judges ARNOLD and ERWIN concur.