WILLIAM F. FLIPPO (SUCCESSOR IN INTEREST TO L.M.F., INC.), PLAINTIFF v. RICHARD JONES HAYES, JR., DEFENDANT

No. 8925SC339

(Filed 3 April 1990)

**Malicious Prosecution § 13.1 (NCI3d) — wrong offense charged — second charge barred by double jeopardy — existence of probable cause**

Where defendant counterclaimed for malicious prosecution of a worthless check charge and of a breaking charge,

plaintiff was entitled to a directed verdict on the claim of malicious prosecution of the breaking charge, since defendant admitted breaking into plaintiff's storage building; he was originally charged with "breaking and entering" but was found not guilty; plaintiff then swore out a warrant against defendant for breaking; this charge was dismissed because it was barred by double jeopardy; and there was thus no want of probable cause when the act defendant admitted having committed gave rise to criminal liability but the magistrate improperly drafted the warrant to charge the wrong offense. Furthermore, plaintiff was entitled to a new trial on the issue of punitive damages for malicious prosecution of the worthless check charge, since it was impossible to ascertain from the jury's verdict how much of the punitive award was based on the erroneous finding that plaintiff had procured the institution of the criminal proceeding for breaking with malice and without probable cause.

**Am Jur 2d, Malicious Prosecution §§ 36, 37, 50, 55.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from Judgment of *Judge Forrest A. Ferrell* entered 14 October 1988 and Order entered 8 November 1988 in CATAWBA County Superior Court. Heard in the Court of Appeals 21 September 1989.

*Womble Carlyle Sandridge & Rice, by Richard T. Rice and Clayton M. Custer, for plaintiff appellant.*

*Thomas N. Hannah for defendant appellee.*

COZORT, Judge.

Plaintiff appeals from a jury verdict in favor of defendant on defendant's counterclaim for malicious prosecution. We award plaintiff a new trial on the issue of punitive damages.

In May of 1985, plaintiff and defendant entered into a lease agreement whereby defendant rented a portion of plaintiff's lake home for $500 per month. When defendant, who had lost his job as a truck driver, began to have financial difficulties, plaintiff offered him a job in his Virginia business. Plaintiff agreed to allow defendant to store his pickup truck in plaintiff's storage building located near the lake house. After working in Virginia for several weeks, defendant quit his job and returned to North Carolina.

He did not return to live at the lake house and made no rent payments after January of 1986. Defendant testified that, upon returning to North Carolina, he encountered some difficulty retrieving his property from the house and the truck that he had left in the storage building. On one occasion, defendant went to the lake house to get his truck, but plaintiff would not talk to him. Defendant then went to the storage building and attempted to cut the lock on the door with a pair of bolt cutters. Failing in that, he used a ladder to climb to the top of the building, opened a door on the roof, looked inside, and saw that his truck was not there.

Plaintiff swore out a warrant against defendant for "breaking and entering" the storage building in violation of N.C. Gen. Stat. § 14-54(b). At trial on that charge, the trial court directed a verdict of not guilty. Plaintiff testified that the assistant district attorney prosecuting the charge told him that they had proved breaking but not entering. Plaintiff also testified that he talked to the magistrate that same day about issuing a warrant for breaking only, and that the magistrate said that he would have to confer with the assistant district attorney. The assistant district attorney testified that he recalled talking to plaintiff but could not remember the specifics of their conversation. He did not believe, however, that he had given any thought to the double jeopardy issue at that time. He further testified that he had spoken to the magistrate later that day ·and had left issuance of the second warrant to the magistrate's discretion. Plaintiff testified that when he returned the next day, another magistrate was on duty. After discussing the matter with plaintiff, this second magistrate issued a warrant for breaking. When the matter came on for hearing, the district attorney dropped the charge as barred by the prior jeopardy.

Plaintiff also swore out a warrant against defendant for writing a worthless check. Defendant was found not guilty.

Plaintiff later filed a complaint against defendant for breach of the lease agreement. In answer, defendant asserted as a counterclaim the claims alleged in a separate action he had filed against plaintiff on various legal theories, including conversion and malicious prosecution. The two actions were later consolidated for trial.

After presentation of the evidence, the trial court denied plaintiff's motions for directed verdict on defendant's counterclaims for conversion and malicious prosecution. The jury subsequently returned

a verdict in favor of plaintiff on his claims in the amount of $800.00. On defendant's counterclaims, the jury awarded defendant $1,500.00 for conversion, $800.00 for malicious prosecution of the worthless check charge, $10.00 for malicious prosecution of the breaking charge, and $45,000.00 in punitive damages. (The jury initially found malicious prosecution of the breaking charge but awarded no damages. The trial court asked the jury to reconsider those two issues and further instructed the jury to award at least nominal damages if the first issue was decided in defendant's favor. The jury returned with the $10.00 award.) Plaintiff's motions for judgment notwithstanding the verdict, to set aside the verdict, and for new trial were denied. Plaintiff appeals.

Plaintiff assigns error to the trial court's denial of his motion for directed verdict on the claim of malicious prosecution of the breaking charge. He contends that defendant failed to present sufficient evidence of want of probable cause. He further contends that he is entitled to a new trial on the issue of punitive damages because the jury's award could have been affected by its verdict on the malicious prosecution claim based on the breaking charge. We agree.

In proving a cause of action for malicious prosecution, the claimant must show that the defendant initiated the earlier proceeding maliciously and without probable cause and that the proceeding terminated in the claimant's favor. *Jones v. Gwynne*, 312 N.C. 393, 323 S.E.2d 9 (1984). Probable cause in malicious prosecution cases has been defined as "the existence of such facts and circumstances, known to him at the time, as would induce a reasonable man to commence a prosecution." *Pitts v. Village Inn Pizza, Inc.*, 296 N.C. 81, 87, 249 S.E.2d 375, 379 (1978) (quoting *Morgan v. Stewart*, 144 N.C. 424, 430, 57 S.E. 149, 151 (1907)). The burden of proving want of probable cause is on the party pursuing the malicious prosecution claim. *Gray v. Gray*, 30 N.C. App. 205, 207, 226 S.E.2d 417, 419 (1976). Such proof is not established by proof that the proceeding was instituted maliciously. *Id.* at 208, 226 S.E.2d at 419 (*citing Tucker v. Davis*, 77 N.C. 330 (1877)). If the facts are admitted or established, the question of probable cause is for the court, but when the facts are in dispute the question is one of fact for the jury. *Pitts*, 296 N.C. at 87, 249 S.E.2d at 379.

In this jurisdiction, want of probable cause may be found when an accuser swears out a criminal warrant but the conduct of the accused does not constitute a crime. *See Gray v. Bennett*, 250 N.C. 707, 110 S.E.2d 324 (1959); *Smith v. Deaver*, 49 N.C. 513 (1857). In the appeal before us, the question is whether want of probable cause is established by plaintiff's mistake of law in procuring the institution of a second prosecution which was barred by the prior jeopardy. The rule that a defendant in a malicious prosecution action may be held liable for a mistake of law has been criticized as harsh, *see* Prosser and Keeton, The Law of Torts, § 119 (5th ed. 1984), and *see also* Byrd, Malicious Prosecution in North Carolina, 47 N.C.L. Rev. 285, 294 (1968-69), and is made harsher yet by the companion rule that advice of counsel does not afford a complete defense but is merely one factor to be considered by the jury in assessing the reasonableness of the defendant's conduct. *See Bassinov v. Finkle*, 261 N.C. 109, 112, 134 S.E.2d 130, 132 (1964).

There is no want of probable cause, however, when the act which the accused admits having committed gives rise to criminal liability but the magistrate improperly drafts the warrant to charge the wrong offense. *Johnson v. Whittington*, 42 N.C. App. 74, 255 S.E.2d 588 (1979). As in *Johnson*, there is no question that defendant committed the act alleged and that such conduct as a matter of law gave rise to probable cause for procuring a criminal warrant. That a subsequent prosecution was barred by the principle of double jeopardy is a refinement in the law which plaintiff could not reasonably be expected to anticipate. We will not impose upon plaintiff the responsibility for making further inquiry about the law of double jeopardy prior to swearing out the second warrant particularly when the magistrate discussed the warrant with the assistant district attorney who did not give any thought to the double jeopardy rule and left issuance of the warrant to the magistrate's discretion. We therefore hold that defendant failed to produce evidence of want of probable cause and that it was error to submit to the jury the issue of malicious prosecution of the breaking charge. The trial court's denial of plaintiff's motion for directed verdict on that issue must be reversed.

Plaintiff is thus entitled to a new trial on the issue of punitive damages. Although the jury awarded only nominal damages for malicious prosecution of the breaking charge, it is impossible to ascertain from the jury's verdict how much of the punitive award was based on the erroneous finding that plaintiff had procured

the institution of the criminal proceeding for breaking with malice and without probable cause.

Reversed in part and remanded for new trial on punitive damages.

Judge LEWIS concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

I cannot agree that plaintiff is not chargeable with knowledge that his prosecution of defendant for breaking was barred by the law. For under the ancient maxim *ignorantia legis neminem excusat*—[ignorance of law excuses no one; Black's Law Dictionary 916 (3rd ed. 1933); H. Broom, Commentaries on the Common Law, pp. 864, 865 (1856)]—he is presumed to have known that and direct proof of that fact was therefore unnecessary. I vote no error.