IN THE MATTER OF: HOMER D. PETROU v. DAVIS R. HALE AND HUBERT H. SENTER

No. 789SC1151

(Filed 20 November 1979)

1. **Malicious Prosecution § 13.2— malpractice action—probable cause—sufficiency of evidence**

   The trial court in an action for malicious prosecution did not err in entering summary judgment for defendant lawyer where the evidence tended to show that defendant patient and client related to defendant lawyer that plaintiff had failed to remove a gauze packing from his rectum following surgery for the removal of hemorrhoids; defendant lawyer advised the client that he had a cause of action against plaintiff and thereafter filed suit for malpractice at the client's request; the action was terminated favorably for plaintiff doctor; and on the basis of the facts as related by the client, defendant lawyer had probable cause to file suit on behalf of his client.

2. **Abuse of Process § 19— filing of malpractice action—ulterior motive—no abuse of process**

   Plaintiff's allegation that defendants' purpose in filing a malpractice action was to coerce plaintiff and his malpractice insurance carrier into making a cash settlement, without any evidence of subsequent misuse of process lawfully issued, did not state a cause of action for abuse of process, an ulterior motive alone not being sufficient.

3. **Attorneys at Law § 5.1— attorney's negligence—obligation to adverse party**

   In an action for malicious prosecution, plaintiff doctor's allegation that defendant lawyer breached a duty owed to an opposing party in a malpractice suit to investigate properly the facts and the law, to review hospital records, and to consult medical experts before filing a malpractice suit was insufficient to state a cause of action in negligence.

APPEAL by plaintiff from *Hobgood, Judge.* Judgment entered 20 September 1978 in Superior Court, VANCE County. Heard in the Court of Appeals 19 September 1979.

Defendant Hale employed defendant Senter, a practicing attorney, to file a malpractice suit against plaintiff. A directed verdict was entered against Hale in the malpractice suit, and plaintiff filed suit against Hale and Senter for malicious prosecution and abuse of process. He also filed suit against Senter, individually, alleging negligent violation of a duty of care required of attorneys in the performance of their professional duties.

Defendant Senter had instituted the malpractice suits after interviewing defendant Hale. Based solely on Hale's revelation that plaintiff had failed to remove a gauze packing from his rectum following surgery for the removal of hemorrhoids, Senter had advised Hale that he had a cause of action against plaintiff and had, accordingly, filed suit at Hale's request.

The major thrust of plaintiff's suit against defendant Senter was that Senter should have investigated the facts more thoroughly and consulted a physician or surgeon concerning Hale's allegations prior to filing suit. Plaintiff also alleged that Senter and Hale had filed the malpractice suit knowing that the malpractice action was totally without merit, and without reasonable or any cause to believe that plaintiff had been guilty of malpractice.

Defendant Senter moved for summary judgment, and the trial court granted his motion. Plaintiff appealed.

*Hollowell, Silverstein, Rich & Brady, by Ben A. Rich, for plaintiff appellant.*

*Hubert H. Senter, pro se.*

ERWIN, Judge.

[1] Plaintiff contends the trial court erred in entering summary judgment on its claims of malicious prosecution, abuse of process, and negligence. We disagree.

"[T]he party moving for summary judgment has the burden of 'clearly establishing the lack of any triable issue of fact by the record properly before the court . . . .' " *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 469-70, 251 S.E. 2d 419, 421 (1979). One means of meeting this burden is to show that an essential element of the opposing party's claim is nonexistent. *Moore v. Fieldcrest Mills,*

*Inc., supra; Zimmerman v. Hogg & Allen,* 286 N.C. 24, 209 S.E. 2d 795 (1974).

Want of probable cause is an essential element of a cause of action for malicious prosecution, *Pitts v. Pizza, Inc.,* 296 N.C. 81, 249 S.E. 2d 375 (1978), and whether probable cause exists is a question of law for the court when the facts are admitted or established. *Pitts v. Pizza, Inc., supra,* and *Carson v. Doggett and Ward v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609 (1950).

There is no dispute between the parties as to what was the basis for Senter's filing of the malpractice suit. Defendant Hale had informed Senter that: plaintiff had operated on him to remove hemorrhoids; after not being able to have bowel movements some ten days later, Hale advised plaintiff of his condition for which plaintiff merely prescribed hot baths; when his pain persisted and his stomach and abdomen became swollen, Hale obtained a pair of rubber gloves, inserted his fingers, and removed a rubber or plastic tube and gauze packing from his rectum; afterwards, he was able to have bowel movements. Based on these undisputed revelations of fact, Senter, an attorney, advised Hale that a cause of action for malpractice existed against plaintiff, and Hale employed Senter to represent him. Under these circumstances, we must determine whether, as a ·matter of law, probable cause existed for Senter to file suit against plaintiff.

Probable cause is:

" '[T]he existence of circumstances and facts sufficiently strong to excite, in a reasonable mind, suspicion that the person charged with having been guilty was guilty. It is a case of apparent guilt as contra-distinguished from real guilt. It is not essential that there should be positive evidence at the time the action is commenced, but the guilt should be so apparent at the time, as would be sufficient ground to induce a rational and prudent man, who duly regards the rights of others as well as his own, to institute a prosecution; not that he knows the facts necessary to insure a conviction, but that there are known to him sufficient grounds to suspect that the person he charges was guilty of the offense.' "

*Carson v. Doggett and Ward v. Doggett,* 231 N.C. at 633, 58 S.E. 2d at 611-12; *Smith v. Deaver,* 49 N.C. 513, 514-15. Applying this

test, we hold that, under the stated facts before him, defendant Senter had probable cause to file suit on behalf of his client.

An attorney owes a duty to his client to exert his best judgment in the prosecution of the litigation entrusted to him. *Hodges v. Carter*, 239 N.C. 517, 80 S.E. 2d 144 (1954). In the good faith exercise of his judgment, an attorney cannot be a seer of what the outcome of a suit will be. That is for the court and oftentimes, the jury to resolve. Thus, the mere termination of a lawsuit in favor of an adverse party does not mean that there was a want of probable cause to believe on a set of stated facts that a cause of action did exist. *Fowle v. Fowle*, 263 N.C. 724, 140 S.E. 2d 398 (1965); *Gray v. Gray*, 30 N.C. App. 205, 226 S.E. 2d 417 (1976). Plaintiff would have us impose liability on an attorney when the outcome of his client's suit is not in accord with the facts as related to him by the client. Sound public policy dictates that private litigants have free access to the courts as a means of settling private claims or disputes. *See* N.C. Const. art. 1, § 18; *Lyddon v. Shaw*, 56 Ill. App. 3d 815, 372 N.E. 2d 685 (1978); *Spencer v. Burglass*, 337 So. 2d 596 (La. Ct. of App. 1976). Senter was merely the instrument through which Hale invoked the judicial determination as to the validity of his claim. *See Spencer v. Burglass, supra.*

We are aware that it has long been the law in our State " 'that advice of counsel, however learned, on a statement of facts, however full, does not of itself and as a matter of law afford protection to one who has instituted an unsuccessful prosecution against another; but such advice is only evidence to be submitted to the jury' on the issues of probable cause and malice," *Bassinov v. Finkle*, 261 N.C. 109, 112, 134 S.E. 2d 130, 132 (1964); *Bryant v. Murray*, 239 N.C. 18, 24, 79 S.E. 2d 243, 247 (1953), and find no conflict with our decision today. We have merely held that on the statment of facts as related to the attorney in this case, probable cause existed for an institution of a lawsuit for malpractice on behalf of his client. The trial court did not err in entering summary judgment on plaintiff's claim of malicious prosecution.

### ABUSE OF PROCESS

" '[T]he test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is without the regular purview of the process, or which

compels the party against whom it is used to do some col-
lateral thing which he could not legally and regularly be com-
pelled to do.' " (Citations omitted.)

*Finance Corp. v. Lane*, 221 N.C. 189, 196, 19 S.E. 2d 849, 853
(1942). In other words, the gravamen of a cause of action for
abuse of process is the improper use of the process after it has
been issued. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611
(1979); *Benbow v. Caudle*, 250 N.C. 371, 108 S.E. 2d 663 (1959);
*Barnette v. Woody*, 242 N.C. 424, 88 S.E. 2d 223 (1955); *Finance
Corp. v. Lane, supra.*

[2]  Plaintiff has failed to present any evidence of an abuse of
process after defendants instituted the prior malpractice action.
Plaintiff's allegation "[t]hat the sole purpose of the Defendants
and each of them, in filing and maintaining said action, was to
coerce the Plaintiff and his malpractice insurance carrier into
making a cash settlement in order to free themselves from said
false, malicious, and vexacious [sic] litigation" without any
evidence of subsequent misuse of process lawfully issued does not
state a cause of action for abuse of process. An ulterior motive
alone is not sufficient. *Edwards v. Jenkins*, 247 N.C. 565, 101 S.E.
2d 410 (1958); Byrd, Malicious Prosecution in North Carolina, 47
N.C.L. Rev. 285, 288 (1969). The court's entry of summary judg-
ment on plaintiff's abuse of process claim was proper.

## NEGLIGENCE

[3]  Plaintiff's third count of his complaint alleges a cause of ac-
tion in negligence. It alleges that defendant Senter fell below the
standard of care required of attorneys in performance of their
professional duties and breached a duty owed to an opposing par-
ty in a malpractice suit to properly investigate the facts and the
law, to review hospital records, and to consult medical experts
before filing a malpractice suit.

In *Insurance Co. v. Holt*, 36 N.C. App. 284, 244 S.E. 2d 177
(1978), we held that claims for relief for attorney malpractice are
actions sounding in contract and may properly be brought only by
those who are in privity of contract with such attorneys by virtue
of a contract providing for their employment. In *Insurance Co. v.
Holt, supra*, a general contractor who was made a defendant in an
indemnity action by a title insurance company filed a third-party
complaint against the certifying attorneys in the real estate

transaction for negligent failure to ascertain the existence of property liens of unpaid creditors. Since our decision in *Insurance Co. v. Holt, supra,* we have decided the recent cases of *Davidson and Jones, Inc. v. County of New Hanover,* 41 N.C. App. 661, 255 S.E. 2d 580 (1979), and *Industries, Inc. v. Construction Co.,* 42 N.C. App. 259, 257 S.E. 2d 50 (1979).

In *Davidson, supra,* we held that an architect who was not in privity of contract with a general contractor or his subcontractors could be held liable to the general contractor and the subcontractors for economic loss resulting from breach of a common law duty of care.

Similarly, in *Industries, Inc., supra,* we held that an architect, notwithstanding the absence of privity of contract, could be held liable to a third party general contractor who could foreseeably be injured or suffer economic loss proximately caused by the negligent performance of a contractual duty by an architect resulting in negligent approval of defective materials and workmanship.

Rejecting the argument of absence of privity of contract, we recognized that:

> "The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm and calls a violation of that duty negligence. *Council v. Dickerson's, Inc.,* 233 N.C. 472, 64 S.E. 2d 551 (1951); *Stroud v. Transportation Co.,* 215 N.C. 726, 3 S.E. 2d 297 (1939)."

*Davidson and Jones, Inc. v. County of New Hanover,* 41 N.C. App. at 666, 255 S.E. 2d at 584, *accord, Industries, Inc. v. Construction Co., supra.* In imposing liability, we noted that "[l]iability arises from the negligent breach of common law duty of care flowing from the parties' working relationship." *Davidson and Jones, Inc., Id.* at 667, 255 S.E. 2d at 584. In *Industries, Inc. v. Construction Co.,* 42 N.C. App. 259, 266, 257 S.E. 2d 50, 55 (1979), quoting from *United States v. Rogers & Rogers,* 161 F. Supp. 132, 136 (S.D. Cal. 1958), we explained:

> "Altogether too much control over the contractor necessarily rests in the hands of the supervising architect for him not to be placed under a duty imposed by law to perform without negligence his functions as they affect the contractor. The

power of the architect to stop the work alone is tantamount to a power of economic life or death over the contractor. It is only just that such authority, exercised in such a relationship, carry commensurate legal responsibility."

The relationship between an attorney and an adverse party in a lawsuit is substantially different from that between an architect and a general contractor or his subcontractors. By its very nature, it is adverse, not symbiotic, and different policy matters must be considered. Thus, while the factors enumerated in *Industries, Inc., supra:* (1) extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that he suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the moral blame attached to such conduct; and (6) the policy of preventing future harm are still to be considered, they are outweighed by the consequences to the community of imposing liability on the attorney. *Weaver v. Superior Court of County of Orange,* 95 Cal. App. 3d 166, 156 Cal. Rptr. 745 (1979).

While doctors may have a legitimate interest in reducing the number of frivolous malpractice actions filed against them, their interest does not outweigh the State's interest in having these disputes resolved in a court of law. The means by which this resolution is accomplished is by lawsuits. If an attorney whose primary duty is to promote the cause of his client in a light most favorable to him within the bounds of the law is also required to protect the rights of an adverse party, he will be caught in the midst of a conflict of interest. More importantly, if mere negligence in protecting the rights of an adverse party becomes the standard of liability, attorneys will be fearful of instituting lawsuits on behalf of their clients. The end result would be the limitation of free access to the courts. *See Pantone v. Demos,* 59 Ill. App. 3d 328, 375 N.E. 2d 480 (1978); *Lyddon v. Shaw,* 56 Ill. App. 3d 815, 372 N.E. 2d 685 (1978); *Spencer v. Burglass, supra.*

Today, the trying of lawsuits is a conventional form of warfare. Ready remedies for the institution of frivolous lawsuits are presently available. While it is true that an attorney has a duty to refrain from instituting frivolous or malicious lawsuits at the behest of his clients, ample means exist to provide appropriate relief for violation of this duty, *i.e.,* institution of disciplinary pro-

ceedings and malicious prosecution actions. *Brody v. Ruby*, 267 N.W. 2d 902 (1978), and *Hill v. Willmot*, 561 S.W. 2d 331 (1978).

The trial court's entry of summary judgment on plaintiff's claims of malicious prosecution, abuse of process, and negligence is

Affirmed.

Judges VAUGHN and HILL concur.