Looper v. Looper

GLEN W. LOOPER v. EVELYN LOOPER

No. 8025DC887

(Filed 21 April 1981)

**Appeal and Error § 6.2– entry of default – no right of appeal**
    The entry of default by the clerk is not a final judgment and is not appealable.

APPEAL by plaintiff from *Crotty, Judge.* Order entered 26 January 1980 in District Court, CALDWELL County. Heard in the Court of Appeals 1 April 1981.

*Beal and Beal, by Beverly T. Beal, for plaintiff appellant.*

*Wilson, Palmer & Cannon, by Bruce L. Cannon, for defendant appellee.*

MARTIN (Harry C.), Judge.

On 9 October 1975 plaintiff commenced this action for absolute divorce upon grounds of separation. The record indicates that defendant was served with complaint and summons on 20 October 1975 by registered mail. Defendant answered, denying the allegations of separation, alleging abandonment and adultery by plaintiff, and counterclaiming for alimony, alimony pendente lite, and counsel fees. Defendant also counterclaimed concerning certain real property owned by plaintiff. The answer was filed 21 November 1975 and served upon plaintiff's counsel by mail.

Thereafter plaintiff moved to dismiss the answer and counterclaim as being untimely filed, and this motion was denied 26 November 1975. Plaintiff then secured an extension of time to 22 January 1976 within which to reply to the counterclaim. On 26 January 1976, defendant served plaintiff's counsel with motion for entry of default on her counterclaim. On the same date, the clerk of superior court ordered entry of default against plaintiff on defendant's counterclaim.

On 13 April 1976, plaintiff (now represented by different counsel) moved to set aside the entry of default, supporting the motion with affidavits. On 24 August 1976, counsel agreed to continue the case. The case next surfaces 30 January 1978, with the filing by plaintiff of another motion to continue. A notice of

hearing of plaintiff's motion to vacate the entry of default was filed 15 March 1978. We next find plaintiff's second counsel of record being allowed to withdraw on 21 March 1979.

Finally, on 4 December 1979, the motion is brought on for hearing, plaintiff being represented by his present counsel of record. In an order dated 26 January 1980, the trial court denied plaintiff's motion after an extensive hearing requiring two days of court. From this order, plaintiff gave notice of appeal on 31 January 1980. The record on appeal was filed 15 September 1980. Plaintiff's petition for writ of certiorari was denied 28 October 1980.

Plaintiff has no right of appeal from the denial of a motion to set aside entry of default. The entry of default by the clerk is not a final judgment and it is not appealable. *Trust Co. v. Construction Co.,* 24 N.C. App. 131, 210 S.E. 2d 97 (1974). It is an interlocutory act looking toward the subsequent entry of a final judgment by default. *Crotts v. Pawn Shop,* 16 N.C. App. 392, 192 S.E. 2d 55, *cert. denied,* 282 N.C. 425 (1972). The appeal from the order denying plaintiff's motion to set aside the entry of default is premature. An exception to such an interlocutory order, properly preserved, may be reviewed on an appeal from the final judgment. *Trust Co. v. Construction Co., supra.*

We note this case has pursued a rather leisurely path through the court in Caldwell County, having been pending for five and one-half years without a decision on the merits of the case. Surely the proper and due administration of justice demands more prompt disposition of cases.

Appeal dismissed.

Chief Judge MORRIS and Judge HILL concur.