JOHN EDWARDS v. ADVO SYSTEMS, INC., AND TIM SCHEVERS

No. 8826SC487

(Filed 7 March 1989)

1. **Malicious Prosecution §§ 12, 13.2— insufficient showing of special damages and probable cause**

   Defendants were entitled to summary judgment on plaintiff's claim for malicious prosecution based on counterclaims against him in a prior civil action because plaintiff failed to raise a genuine issue of fact concerning special damages or absence of probable cause. Plaintiff's evidence relating to mental anguish, loss of income, injury to reputation and legal expenses did not show a substantial interference with either plaintiff's property or person as contemplated by the special damage requirement, and termination of the counterclaims in plaintiff's favor did not show an absence of probable cause.

2. **Process § 19— abuse of process—insufficient evidence**

   Summary judgment was properly entered for defendants in an action for abuse of process based on counterclaims in a civil action where all of plaintiff's evidence concerned the alleged motives of defendants in filing the counterclaims but plaintiff raised no issue of fact concerning an abuse of the judicial system after the counterclaims were filed.

3. **Trespass § 2— filing of counterclaims—no intentional infliction of emotional distress**

   Defendants' filing of counterclaims against plaintiff in a civil action did not constitute extreme and outrageous conduct sufficient to support a claim for intentional infliction of emotional distress.

4. **Damages § 3.4— negligent infliction of mental distress—insufficient showing of physical impact or physical injury**

   Plaintiff failed to raise a genuine issue of material fact as to physical impact or physical injury sufficient to support a claim for the negligent infliction of mental distress based on counterclaims filed against plaintiff in a prior civil action where plaintiff's deposition testimony related only vague statements about loss of sleep, worry and some uncertain amount of weight loss that may have occurred during the previous litigation.

## EDWARDS v. ADVO SYSTEMS, INC.

[93 N.C. App. 154 (1989)]

APPEAL by plaintiff from *Snepp, Judge*. Order entered 18 December 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 November 1988.

Plaintiff sued defendants for malicious prosecution, abuse of process, intentional infliction of emotional distress, negligent infliction of mental distress and punitive damages. Plaintiff's suit here is based on the filing of counterclaims by defendants against plaintiff in prior litigation. Plaintiff had sued defendant Advo Systems, Inc. to recover sales commissions. Advo counterclaimed for damages that the company allegedly incurred because of plaintiff's negligence in handling his advertising accounts. Two of the counterclaims were disposed of by summary judgment and the remaining two were dismissed at the close of defendant's evidence.

Plaintiff alleged that the counterclaims were brought with no foundation in law or fact, exclusively for the purpose of intimidating plaintiff and other salespeople who may have been owed sales commissions by Advo. Plaintiff alleged that these actions by the corporate defendant were at the direction of the individual defendant, Tim Schevers. Plaintiff also alleged that defendants' action caused mental anguish, loss of income, injury to his reputation and legal expenses. Plaintiff claims that the actions by defendants constitute malicious prosecution and abuse of process. On his emotional distress claims plaintiff alleged that defendants knew or should have known that institution of the counterclaims would inflict upon the plaintiff severe emotional and mental distress. In addition, plaintiff alleged that defendants' actions were willful and intentional and were designed to intimidate and discourage plaintiff from pursuing his claim for sales commissions due. Plaintiff further alleged that filing the counterclaims caused emotional distress which produced physical injury, loss of income, and "resulting damages." Plaintiff also asked for punitive damages based on defendants' malicious actions which plaintiff alleged were prosecuted "under circumstances of insult, rudeness or oppression, and in a manner which showed a reckless and wanton disregard of the rights of the plaintiff." After discovery, the trial court granted defendants' motion for summary judgment. Plaintiff appeals.

*W. James Chandler and Brian deBrun for plaintiff-appellant.*

*Horack, Talley, Pharr and Lowndes, by Neil C. Williams and Christopher J. Culp, for defendant-appellees.*

**EDWARDS v. ADVO SYSTEMS, INC.**

[93 N.C. App. 154 (1989)]

EAGLES, Judge.

Where a motion for summary judgment is granted the question on appeal is whether, on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 271 S.E. 2d 399 (1980). After careful review of the record on appeal, we find there is no genuine issue of material fact as to any of plaintiff's claims and that the defendants are entitled to judgment as a matter of law. Therefore, we affirm.

## I.  Malicious Prosecution

[1]  In an action for malicious prosecution the plaintiff must show that the defendant had initiated an earlier proceeding, maliciously and without probable cause, and that the earlier proceeding terminated in plaintiff's favor. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). When plaintiff's claim for malicious prosecution is based on a prior civil proceeding against him, plaintiff must also show "that there was some arrest of his person, seizure of his property, or some other element of special damage resulting from the action such as would not necessarily result in all similar cases." *Id.* at 203, 254 S.E. 2d at 625. As our Supreme Court has stated

> [t]he gist of such special damage is a substantial interference either with the plaintiff's person or his property such as causing execution to be issued against the plaintiff's person, causing an injunction to issue prohibiting plaintiff's use of his property in a certain way, causing a receiver to be appointed to take control of plaintiff's assets, causing plaintiff's property to be attached, or causing plaintiff to be wrongfully committed to a mental institution. [Citations omitted.]

*Id.*

Plaintiff has failed to assert any basis on which special damages could possibly be found. Plaintiff's evidence relates that defendants' actions have caused "mental anguish, loss of income, injury to reputation, and legal expenses." These types of injury do not constitute a substantial interference with either the plaintiff's property or person as contemplated by the special damage requirement. *See Id.* at 204, 254 S.E. 2d at 626. "Embarrassment, expense, inconvenience, lost time from work or pleasure, stress, strain and worry

EDWARDS v. ADVO SYSTEMS, INC.

[93 N.C. App. 154 (1989)]

are experienced by all litigants, to one degree or another, and by themselves do not justify additional litigation" in the form of a malicious prosecution claim. *Brown v. Averette*, 68 N.C. App. 67, 70, 313 S.E. 2d 865, 867 (1984). Furthermore, "[t]he mere termination of a lawsuit in favor of an adverse party does not mean that there was a want of probable cause to believe on a set of stated facts that a cause of action did exist." *Petrou v. Hale*, 43 N.C. App. 655, 658, 260 S.E. 2d 130, 133 (1979), *cert. denied*, 299 N.C. 332, 265 S.E. 2d 397 (1980). Because plaintiff has failed to raise a genuine issue of fact concerning special damages or absence of probable cause, defendant is entitled to judgment on the malicious prosecution claim as a matter of law.

## II. Abuse of Process

[2] "There are two essential elements for an action for abuse of process, (1) the existence of an ulterior motive, and (2) an act in the use of the process not proper in the regular prosecution of the proceeding." *Ellis v. Wellons*, 224 N.C. 269, 271, 29 S.E. 2d 884, 885 (1944). "[T]he gravamen of a cause of action for abuse of process is the improper use of the process after it has been issued." *Petrou v. Hale*, 43 N.C. App. at 659, 260 S.E. 2d at 133. Plaintiff has raised no issue of fact concerning an abuse of the judicial system after the institution of the prior counterclaims. All of plaintiff's evidence concerns the alleged motives of the defendants in filing the counterclaims. As we have stated before, "[a]n ulterior motive alone is not sufficient" to sustain an abuse of process claim. *Id.* Therefore, plaintiff has raised no genuine issue of material fact and summary judgment was proper on the abuse of process claim.

## III. Intentional Infliction of Emotional Distress

[3] Intentional infliction of emotional distress consists of: "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another. The tort may also exist where defendant's actions indicate a reckless indifference to the likelihood that they will cause severe emotional distress." *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E. 2d 325, 335 (1981). The "extreme and outrageous conduct" necessary for recovery has been characterized as conduct which "exceeds all bounds usually tolerated by decent society." *Stanback v. Stanback*, 297 N.C. at 196, 254 S.E. 2d at 622. Whether or not the conduct complained of may reasonably be regarded as "extreme and outrageous" is

**EDWARDS v. ADVO SYSTEMS, INC.**

[93 N.C. App. 154 (1989)]

initially a question of law for the court. *Briggs v. Rosenthal*, 73 N.C. App. 672, 676, 327 S.E. 2d 308, *cert. denied*, 314 N.C. 114, 332 S.E. 2d 479 (1985). We conclude that the defendants' act of filing counterclaims against plaintiff may not be reasonably regarded as extreme and outrageous conduct sufficient to support a claim for intentional infliction of emotional distress. Summary judgment for defendant was proper on this claim.

## IV.   Negligent Infliction of Mental Distress

[4]   For a plaintiff to recover for emotional or mental distress in an ordinary negligence case, he must prove that the mental distress was the proximate result of some physical impact or physical injury to himself which also resulted from the defendants' negligence. *Williamson v. Bennett*, 251 N.C. 498, 112 S.E. 2d 48 (1960). Plaintiff has failed to raise any genuine issue as to a physical impact or physical injury resulting from defendants' actions. His deposition testimony included in the record relates only vague statements about loss of sleep, worry and some uncertain amount of weight loss that may have occurred during the previous litigation. Plaintiff himself characterized his emotional distress in general terms, not requiring medical care and no more severe than that endured by litigants generally. These vague statements do not evince the type of emotional distress on which claims for negligent infliction of emotional distress have been successful in the past. On these facts, we decline to expand the tort to include this type of general distress. Therefore, summary judgment on plaintiff's negligent infliction of mental distress claim was proper.

Plaintiff has failed to argue in his brief the trial court's summary judgment in favor of defendants on the punitive damages claim. That assignment of error is therefore deemed abandoned. Rule 28(b), Rules of App. Proc.

For the reasons stated the order of the trial court is affirmed.

Affirmed.

Judges BECTON and GREENE concur.