WENDELL A. FORDHAM, Plaintiff-Appellee v. A. V. EASON and wife, GRACE W. EASON; Defendants, and AMERICAN WOODLAND INDUSTRIES, INC., Defendant-Appellants

No. COA98-57

(Filed 20 October 1998)

1. **Appeal and Error— brief—issues not addressed— abandoned**

   Issues not addressed in defendant's brief were abandoned.

2. **Trespass— wrongful cutting of timber—no ownership of land by plaintiff**

   Counterclaims for the wrongful cutting of timber and trespass arising from multiple contracts for the same timber were dismissed where appellant timber company could not show that it was the owner of the lands in question.

3. **Torts, Other— abuse of process—summary judgment— improperly granted**

   Summary judgment was improperly granted on an abuse of process claim in an action arising from multiple contracts for the same timber where one timber company (Woodland) raised a genuine issue of material fact concerning the other company's (Fordham) motives in obtaining an injunction to stop Woodland's removal of timber in that Fordham cut and removed timber after obtaining the injunction.

Appeal by defendant American Woodland Industries, Inc., from summary judgment entered 9 October 1997 by Judge Knox V. Jenkins, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 23 September 1998.

At all relevant times, defendants A. V. Eason and wife, Grace W. Eason (the Easons), owned real property in Johnston County, North Carolina. The timber on the Easons' property was extensively damaged by Hurricane Fran. Several timber buyers were interested in purchasing the Easons' timber.

In the summer of 1996, plaintiff Wendell A. Fordham, the owner of Fordham Timber Company, Inc., talked with defendant A. V. Eason about the purchase of the Easons' timber. On 11 November 1996, defendants signed a paper entitled "Timber Cutting Contract" (Contract). The Contract allowed plaintiff to "enter, cut and

remove . . . forest products [all timber and pulpwood]" from all the lands of A. V. Eason in Johnston County until 1 June 1997.

The Contract provided the unit price plaintiff would pay for each type of forest product cut and removed. The Contract recites that the Easons made the agreement "for and in consideration of the payment made or to be made by [plaintiff]." The Contract was not recorded in the office of the Register of Deeds.

On 7 February 1997, appellant American Woodland Industries, Inc. (Woodland), also entered into a contract with the Easons for the purchase of the same timber. It was entitled "Timber Purchase and Sales Agreement" (Agreement), and provided that the Easons were selling to Woodland the "trees, tops or laps" on their property, and granted Woodland until 7 February 1999 to "enter, cut, and harvest and remove the said timber." Woodland agreed to pay a deposit of $30,000.00 to the Easons to be applied against the stumpage amounts, with additional funds to be paid when the deposit was depleted.

The Agreement then provided the unit prices for the various types of forest products to be cut and removed. The Easons signed the Agreement, their signatures were notarized, and the document was recorded in the office of the Johnston County Register of Deeds. The Agreement was not signed by a representative of Woodland. However, the name and address of Woodland is printed at the end of the document.

A. V. Eason testified that he entered into the second timber agreement because he "didn't get no results" from plaintiff. When A. V. Eason signed the Agreement with Woodland, plaintiff had not cut or removed any forest products from the Easons' land. Woodland was aware that the Easons had entered into a Contract with plaintiff, but learned at the office of the Register of Deeds that the Contract had not been recorded.

After the execution of the Agreement and payment of the $30,000.00 deposit, Woodland entered onto the Easons' land and began to cut timber in February 1997. On 12 February 1997, plaintiff filed an application and order extending the time to file a complaint, and secured a temporary restraining order preventing Woodland from cutting or removing any timber from the Easons' property until the matter could be heard by the trial court.

On 14 February 1997, plaintiff filed a complaint asking that a preliminary injunction be granted against Woodland to prevent fur-

ther cutting of the timber until a final determination of the matter. On 17 February 1997, the trial court granted plaintiff's motion for a preliminary injunction. Several days later, plaintiff entered the Easons' lands and began to cut and remove timber.

Woodland filed an answer and counterclaim, alleging wrongful timber cutting and abuse of process. Both Woodland and plaintiff moved for summary judgment. Defendants Eason and plaintiff voluntarily dismissed their respective claims and counterclaims against each other. The trial court granted the motions for summary judgment for both plaintiff and Woodland. Woodland appeals.

*Narron, O'Hale and Whittington, P.A., by Jacquelyn L. Lee, O. Hampton Whittington, Jr., and James W. Narron, for plaintiff appellee.*

*Thomas Edward Hodges, for American Woodland Industries, Inc., defendant appellant.*

HORTON, Judge.

Woodland asserts error to the summary dismissal of its counterclaims for: interference with contractual relations; unfair and deceptive trade practices; wrongful cutting of timber; trespass; and abuse of process.

The trial court granted summary judgment for plaintiff on all of these claims. Therefore, we must examine each of defendant's claims to determine whether a material question of fact exists for one or more of them.

## I. Interference with Contractual Relations and Unfair and Deceptive Trade Practices

[1] Before we address the merits of this case, we note that appellate review is confined to those exceptions which pertain to the arguments presented. *Crockett v. First Fed. Sav. & Loan Ass'n of Charlotte*, 289 N.C. 620, 631, 224 S.E.2d 580, 588 (1976). To obtain appellate review, a question raised by an assignment of error must be presented and argued in the brief. *In re Appeal from Environmental Management Comm.*, 80 N.C. App. 1, 18, 341 S.E.2d 588, 598, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 139 (1986). Questions raised by assignments of error which are not presented in a party's brief are deemed abandoned. *State v. Wilson*, 289 N.C. 531, 535, 223 S.E.2d 311, 313 (1976). Defendant Woodland's brief failed to address the

issues of interference with contractual relations and unfair and deceptive trade practices. Therefore, these issues are abandoned.

## II. Wrongful Cutting of Timber and Trespass

[2] The torts of wrongful cutting of timber and trespass are considered together since their purpose is to protect the rightful owner of real property. N.C. Gen. Stat. § 1-539.1 (1996) provides that

> [a]ny person, firm or corporation not being the bona fide owner thereof or agent of the owner who shall without the consent and permission of the bona fide owner enter upon the land of another and injure, cut or remove any valuable wood, timber, shrub or tree therefrom, *shall be liable to the owner of said land* for double the value of such wood, timber, shrubs or trees so injured, cut or removed.

(Emphasis added).

In no sense was Woodland the "owner" of the lands in question, although Woodland was allowed to enter upon the Easons' lands to cut timber. "In order to sustain an action for permanent damages to the freehold, or to the ownership interest, such as an action for unlawful cutting of timber, *plaintiff must allege and show that he is the owner of the land from which the timber was cut.*" *Woodard v. Marshall*, 14 N.C. App. 67, 69, 187 S.E.2d 430, 431 (1972) (emphasis added). Woodland cannot show that it was the owner of the land. Therefore, the action for wrongful cutting of timber is dismissed.

Furthermore, a claim for trespass requires: (1) possession of the property by plaintiff when the alleged trespass was committed; (2) an unauthorized entry by defendant; and (3) damage to plaintiff. *Pine Knoll Ass'n v. Cardon*, 126 N.C. App. 155, 158, 484 S.E.2d 446, 448, *disc. review denied*, 347 N.C. 138, 492 S.E.2d 26 (1997). Since Woodland cannot show that it was the owner of the land, it cannot maintain a cause of action for trespass. Thus, this cause of action is dismissed as well.

## III. Abuse of Process

[3] Finally, Woodland claims the trial court erred when it dismissed the claim for abuse of process. Abuse of process requires: (1) an ulterior motive; and (2) an act in the use of the process that is not proper in the regular prosecution of the proceeding. *Edwards v. Advo Systems, Inc.*, 93 N.C. App. 154, 157, 376 S.E.2d 765, 767 (1989), *overruled on other grounds, Johnson v. Ruark Obstetrics*, 327 N.C. 283,

**FORDHAM v. EASON**

[131 N.C. App. 226 (1998)]

395 S.E.2d 85 (1990). "[T]he gravamen of a cause of action for abuse of process is the improper use of the process after it has been issued." *Petrou v. Hale*, 43 N.C. App. 655, 659, 260 S.E.2d 130, 133 (1979), *disc. review denied*, 299 N.C. 332, 265 S.E.2d 397 (1980). "An ulterior motive alone is not sufficient" to sustain an abuse of process claim. *Id.*

In the instant case, Fordham obtained a preliminary injunction in order to prevent Woodland from continuing its removal of timber from the Easons' land. Fordham argued to the trial court that the status quo must be maintained until the case could be heard on the merits. Further, Fordham presented the trial court with a copy of N.C. Gen. Stat. § 1-487, which provides that "no order shall be made pending such action, permitting *either* party to cut said timber trees, except by consent, until the title to said land or timber trees is finally determined in the action." (Emphasis added).

However, Woodland claims Fordham abused the legal process by obtaining an injunction merely to allow Fordham to cut the timber while Woodland was restrained by a court order. Woodland presented evidence that once Fordham obtained the preliminary injunction, Fordham thereafter entered upon the Easons' lands to cut and remove timber worth over $100,000.00. In addition, Woodland presented evidence that Fordham admitted he entered the Easons' property and cut and removed timber and pulpwood after the injunction was issued.

A review of this evidence shows that Woodland has raised a genuine issue of material fact concerning Fordham's motives in obtaining the injunction and Fordham's actions thereafter. Therefore, summary judgment was improper on the abuse of process claim.

In conclusion, summary judgment for interference with contractual rights and for unfair and deceptive trade practices is affirmed; summary judgment for the actions of wrongful cutting of timber and for trespass is affirmed; and summary judgment for the abuse of process claim is reversed.

Affirmed in part and reversed in part.

Judges MARTIN, John C., and TIMMONS-GOODSON concur.