Lisa B. SHEALY, Plaintiff,

v.

John W. LUNSFORD, Robert
V. Shaver, Jr., and Floyd &
Jacobs, L.L.P., Defendants.

John W. Lunsford, Third–
Party Plaintiff,

v.

Desa Ballard, Third–Party Defendant.

No. 1:03 CV 1000.

United States District Court,
M.D. North Carolina.

Jan. 31, 2005.

Desa A. Ballard, West Columbia, SC, for Plaintiff.

John W. Lunsford, Greensboro, NC, Stephen McDaniel Russell, Bell Davis & Pitt, P.A., Winston–Salem, NC, D. Clay Robinson, Robinson McFadden and Moore, Columbia, SC, for Defendants.

*MEMORANDUM OPINION*

BEATY, District Judge.

## I. INTRODUCTION

This case involves allegations of attorney malpractice by three successive attorneys. Plaintiff Lisa B. Shealy ("Shealy") originally hired Defendant Robert V. Shaver, Jr., ("Shaver"), who was employed by the Defendant law firm of Floyd & Jacobs, L.L.P., ("Floyd & Jacobs"), to defend her against allegations of alienation of affection and criminal conversation in North Carolina state court (the "Original Action"). After Shealy had an entry of default lodged against her in the Original Action,

Shealy fired Shaver and the law firm of Floyd & Jacobs, and subsequently employed Defendant John W. Lunsford ("Lunsford") to defend her in the default judgment hearing. After a default judgment was entered for $2 million in the Original Action, Shealy fired Lunsford and hired attorney Desa Ballard ("Ballard").

Shealy, through her counsel Ballard, subsequently filed this lawsuit on February 28, 2003, in South Carolina state court against Shaver, Floyd & Jacobs, and Lunsford, alleging attorney malpractice by those parties in their previous defense of Shealy. Defendant Floyd & Jacobs moved for removal to federal court, and later moved jointly with Shaver for a transfer to this Court based on venue because all of the attorneys were from North Carolina. That transfer was completed on September 30, 2003. Once the lawsuit arrived in this Court, Defendant Lunsford filed cross-claims against Shaver and Floyd & Jacobs,[1] and also sued Ballard for contribution or indemnity, alleging that Ballard was also negligent in representing Shealy by failing to perfect an appeal of the default judgment. Thus, this Court has two motions presently before it: Defendants Shaver and Floyd & Jacobs' joint Motion for Judgment on the Pleadings [Document # 34] as to the Complaint by Shealy and as to the Cross–Claim by Defendant Lunsford. Additionally, Third–Party Defendant Desa Ballard has filed a Motion to Dismiss or, Alternatively, to Strike or Sever for Separate Trial [Document # 32] the claim filed against her by Lunsford.

## II. FACTUAL BACKGROUND

The Court will briefly recite the factual basis for the two motions, taking the facts in a light most favorable to Shealy and to Lunsford, as is proper in considering a motion to dismiss. In the Complaint before the Court, Shealy alleges that Shaver, Floyd & Jacobs, and Lunsford are liable to her for legal malpractice. Shealy initially hired Shaver, a member of Floyd & Jacobs, after she was sued on December 4, 1998, in the District Court of Guilford County for alienation of affection. *Cooper v. Shealy,* 98 CVD 11312 (Guilford Co., N.C.). On May 27, 1999, Shaver filed a motion on behalf of Shealy in State court to have that lawsuit dismissed against Shealy based on lack of personal jurisdiction, because Shealy was and is a South Carolina resident. That motion was denied by the State trial court on June 19, 1999. In response to that denial of the personal jurisdiction motion, Shaver filed a timely notice of appeal on July 28, 1999, and did in fact file an interlocutory appeal in the North Carolina Court of Appeals. However, Shaver did not file an Answer to the Complaint filed in the state case within twenty days following the trial court's determination that there was personal jurisdiction over Shealy. Therefore, on or about December 2, 1999, while the appeal of the personal jurisdiction issue was pending, an entry of default was entered by the state court clerk against Shealy based upon the application of the Plaintiff in the Original Action. Shaver then moved to set aside the entry of default, but the State district court denied the motion on March 29, 2000. In that judgment, the State court found that any entry of a final default judgment would have to await the outcome of the pending appeal from the order finding that there was personal jurisdiction over Shealy. Before a ruling was made by the North Carolina Court of Appeals, Shealy asked Shaver and Floyd &

---

1. Defendants Shaver and Floyd & Jacobs also filed cross-claims against Lunsford for indemnity or contribution. Based upon this Court's resolution of Defendants Shaver and Floyd & Jacobs' Motion for Judgment on the Pleadings against Shealy and Lunsford, those cross-claims by Shaver and Floyd & Jacobs against Lunsford are now moot.

Jacobs to withdraw as her counsel in July 2000. Shealy hired Lunsford that same month to continue her representation in the Original Action.

On December 5, 2000, the North Carolina Court of Appeals affirmed the ruling of the trial court that found there was personal jurisdiction over Shealy. In November of 2001, the State district court held a hearing on the default judgment. Lunsford represented Shealy, and in that representation, among other things, Lunsford advised her not to attend the default judgment hearing. At the conclusion of the hearing, the State district judge held that Shealy was liable for alienation of affection and criminal conversation, and awarded the Plaintiff in the Original Action $2 million in damages. Shortly thereafter, Shealy fired Lunsford and hired Ballard to represent her in bringing the present lawsuit alleging legal malpractice by Shaver, Floyd & Jacobs, and Lunsford.

In this Court, Shealy has specifically alleged that Shaver and the law firm of Floyd & Jacobs committed malpractice and breach of fiduciary duty by failing to file an Answer in her state case. Shealy further alleges that Lunsford committed malpractice because of a number of acts, including advising her not to attend the default judgment hearing, failing to adequately defend Shealy's interests at the default judgment hearing, and failing to file a motion for reconsideration or notice of appeal with respect to the final default judgment, among other things. Lunsford answered Shealy's Complaint and denied these allegations. In addition, Lunsford asserted a cross-claim against Shaver and Floyd & Jacobs that those defendants should indemnify him or contribute to any judgment awarded by the Court to Shealy. Lunsford specifically alleged that Shaver's failure to file an Answer prevented him from raising viable defenses during Lunsford's representation of Shealy, and that

such failure to answer was the proximate cause of Shealy's damages. Additionally, Lunsford, in his Third–Party Complaint against Ballard, alleges that Ballard committed malpractice by failing to perfect the record for Shealy's appeal of the default judgment against Shealy to the North Carolina Court of Appeals. Lunsford argues that Ballard's alleged failure to perfect the record on appeal was the proximate cause of Shealy's damages. Lunsford also seeks indemnification or contribution from Ballard for any judgment Shealy may be awarded against him as part of the present action.

As previously noted, Shaver and Floyd & Jacobs have filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Ballard has filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court will now discuss each of these motions in turn.

## III. STANDARD OF REVIEW

When a defendant moves for judgment on the pleadings, factual allegations of the complaint are taken as true, but those of the answer are taken as true only where and to the extent that they do not conflict with the complaint. *Jadoff v. Gleason,* 140 F.R.D. 330, 331–32 (M.D.N.C.1991). A motion for judgment on the pleadings is treated the same as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Burbach Broad. Co. v. Elkins Radio Corp.,* 278 F.3d 401, 406 (4th Cir.2002). With respect to a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson–Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir.1989). Generally, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any

set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (internal quotations omitted); *accord Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). In making this determination, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994). Thus, the purpose of a motion to dismiss is to test the legal sufficiency of the complaint and not the facts that support it. *Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir.1989)(internal quotations omitted).

## IV. MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Shaver and Floyd & Jacobs argue that Shealy's claim against them is barred by N.C. Gen.Stat. § 1–15(c), which provides a statute of limitations period for actions of professional negligence. Furthermore, Defendants Shaver and Floyd & Jacobs argue that Shealy's claim, as well as the cross-claim of Defendant Lunsford, should be dismissed because as a matter of law Defendants Shaver and Floyd & Jacobs were not negligent. The Court will consider Defendants' second argument, because its resolution is dispositive as to the claims against Shaver and Floyd & Jacobs by both Shealy and Lunsford.

■ Defendants Shaver and Floyd & Jacobs argue that as a matter of law, no act or omission of theirs could have been a cause of Plaintiff's damages. This is because, they argue, the entry of default was not a proximate cause of Shealy's damages, since that entry of default was erroneously entered by the clerk of court because as a matter of law the underlying action should have been stayed by the appeal of the trial court's finding that North Carolina had personal jurisdiction over Shealy.

■ Under North Carolina law, the general rule is that an appeal removes a case from the jurisdiction of the trial court pending the resolution of that appeal. *See Bowen v. Hodge Motor Co.*, 292 N.C. 633, 635, 234 S.E.2d 748, 749 (1977); N.C. Gen. Stat. § 1–294 ("When an appeal is perfected ... it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein ..."). However, there are exceptions to this rule. An interlocutory order is not appealable, and thus no stay is effected, unless it "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *See Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). For example, an entry of default is an interlocutory act and not a final judgement, and so is not immediately appealable. *See Looper v. Looper*, 51 N.C.App. 569, 570, 277 S.E.2d 78, 79 (1981)(stating that plaintiff had no right of appeal from the denial of the motion to set aside entry of default because such an entry is not a final judgment).[2] But, the denial of a motion to dismiss for lack of personal jurisdiction as was filed in this case, is such an interlocutory order that may be immediately ap-

---

**2.** Although an entry of default was made in the case, this is not the subject of Shealy's appeal. Rather, the appeal addressed the denial of Shealy's motion to dismiss for lack of personal jurisdiction. Therefore, the stay of the action should have been honored given the subject of the appeal was the lack of personal jurisdiction.

pealed under North Carolina law. N.C. Gen.Stat. § 1–277(b) ("Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant . . .").

■ Notwithstanding the fact that a stay should have been applied based upon Shealy's appeal, an entry of default was applied for and awarded to the Plaintiff in the Original Action by the state court clerk. Rule 55(a) of the North Carolina Rules of Civil Procedure governs entries of default. It states that, "When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment . . . the clerk shall enter his default." The jurisdiction given to clerks to enter such entries of default is concurrent with that of the superior court judge. *See Moody v. Howell*, 229 N.C. 198, 200, 49 S.E.2d 233, 234 (1948)(stating that the authority of the clerk to enter default is concurrent with that of the judge of the superior court). Therefore, if the trial court judge was deprived of jurisdiction to enter further orders in the case, so would be the clerk who entered the default. *See Bowen*, 292 N.C. at 635, 234 S.E.2d at 749.

Defendants Shaver and Floyd & Jacobs argue that they timely filed a notice of appeal with the trial court and subsequently perfected that appeal with the North Carolina Court of Appeals. For this reason, they did not file an Answer in the Original Action, because they believed that action was stayed as a matter of law. Furthermore, they assert that they did file a motion for reconsideration of the entry of default, after it was erroneously entered, during the period of time that the appeal as to Shealy's personal jurisdiction was pending. However, the State court denied their motion for reconsideration. Plaintiff does not contest the position taken by Shaver and Floyd & Jacobs on this point.

In July 2000, Shealy fired Shaver and Floyd & Jacobs and retained Lunsford to handle her future representation. As previously stated, in December 2000, the North Carolina Court of Appeals affirmed the State trial court finding that Shealy was subject to the personal jurisdiction of the North Carolina courts. Therefore, because there was nothing more they could do or should have done to protect Shealy's interests prior to their termination, Defendants Shaver and Floyd & Jacobs argue they were not negligent as a matter of law.

The Court agrees that, as a matter of law, the Original Action should have been stayed after Shaver filed a notice of appeal and perfected the appeal of the State court's finding of personal jurisdiction. On this basis, it is correct that an entry of default should not have been entered. Furthermore, the Court finds that Shaver and Floyd & Jacobs still attempted to protect Shealy's interests by asking the State court to reconsider the entry of default. This motion was denied. As stated above, this denial of Shealy's request for reconsideration with respect to the entry of default was not an order that could be immediately appealed. Shaver and Floyd & Jacobs could do no more for Shealy at that point because they were fired by Shealy. The termination of the services of Shaver and Floyd & Jacobs was nearly six months prior to the final decision in the North Carolina Court of Appeals as to personal jurisdiction. Therefore, the only specific claim of negligence against Shaver and Floyd & Jacobs that Shealy could make would be their failure to file an Answer. Indeed, this was the only harm alleged against them by both Shealy in her Complaint and by Lunsford in his Cross–Claim against Defendants Shaver and Floyd & Jacobs. Because neither Shealy nor Lunsford have made any arguments contradicting this sequence of events and they have failed to allege some other spe-

cific act of negligence, other than the purported negligence of Shaver and Floyd & Jacobs' failure to file an Answer, this Court will grant Defendants Shaver and Floyd & Jacobs' joint Motion for Judgment on the Pleadings. As such, both Defendant Shaver and Defendant Floyd & Jacobs are dismissed as parties to this lawsuit, because neither Shealy's Complaint nor Lunsford's Cross–Claim can state a set of facts that would show that Shaver or Floyd & Jacobs were negligent or breached a fiduciary duty in their representation of Shealy.

## V. MOTION TO DISMISS

Third–Party Defendant Ballard has filed her own Motion to Dismiss the Third–Party Complaint brought by Defendant Lunsford. Lunsford alleges that Ballard, who currently represents Shealy and brought this attorney malpractice action, is a joint tortfeasor who owes Lunsford indemnity or contribution because of Ballard's failure to perfect Shealy's appeal to the North Carolina Court of Appeals of the default judgment entered against Shealy on November 2, 2001. In response, Ballard argues that Lunsford cannot state a claim under North Carolina law to support his allegation that Ballard is a joint tortfeasor. Alternatively, Ballard argues, as a matter of public policy, that North Carolina law would not allow an attorney to sue successor attorneys for contribution. For the reasons that follow, this Court believes the issue of public policy under these circumstances is one of first impression in North Carolina law. Nonetheless, as to the first argument in Ballard's response, it is this Court's belief that the North Carolina Supreme Court would be unlikely to find that Ballard is a joint tortfeasor under the circumstances presented to the Court where one attorney who is sued for professional negligence attempts to sue the successor attorney who is bringing the malpractice claim on behalf of the former attorney's client. Furthermore, as to Ballard's second argument, this Court believes that North Carolina's public policy would similarly find such a joinder or action impermissible.

■ First, this Court has noted, and the parties agree, that the question of whether successor counsel can be sued for contribution by previous counsel under any theory is a question of first impression under North Carolina law. The parties cited to no North Carolina case, and this Court could find no case, that directly answered that question. However, in *Hummer v. Pulley, Watson, King & Lischer, P.A.*, 140 N.C.App. 270, 536 S.E.2d 349 (2000), the Court of Appeals of North Carolina dismissed a third-party complaint by an attorney against a successor attorney, because the record showed that the plaintiff did not hire the successor attorney to obtain judicial review of the same case in which the first attorney was alleged to have committed malpractice, but instead to bring the malpractice case itself. *Hummer*, 140 N.C.App. at 280, 536 S.E.2d at 355. Specifically, in that case, the first attorney was alleged to have failed to timely seek review of a teacher's dismissal recommendation by the superintendent. The successor attorney's engagement by the teacher was limited to handling claims by the plaintiff against the first attorney. As such, the court ruled that, as a matter of law, successor attorney could not be liable to first attorney for negligence, contribution, or indemnification. *Id.* In the instant case, the scope of Ballard's representation of Shealy is not clear. While Lunsford alleges that Ballard "breached the duties owed to her client, Ms. Shealy, by negligently, carelessly, and willfully or wantonly failing to timely prepare the record for appeal, pursuant to N.C. R.App. P. 9, resulting in dismissal of the appeal of the judgment against the Plaintiff herein,

Ms. Shealy," (Lunsford's Third–Party Compl., at 5.) Lunsford fails to specifically allege that Ballard was engaged by Shealy for the purpose of bringing such an appeal and not for the sole purpose of bringing the malpractice claim against him. Without such an allegation, that Ballard was hired by Shealy for the specific purpose of bringing the appeal of the default judgment, Ballard could not be sued as a joint tortfeasor with regard to the specific claim that Shealy has asserted against Lunsford. Notably, Ballard denies in her Answer to the Third–Party Complaint that she engaged in any conduct that would make her a joint tortfeasor, but it is not clear to the Court whether that denial is to the representation of Shealy for the purpose of bringing an appeal or as to Ballard's negligence, or to both. As such, under the rule of *Hummer*, this Court could dismiss Lunsford's Complaint under Ballard's Rule 12(b)(6) motion, for failing to state a claim upon which relief could be granted, because of Lunsford's failure to allege in his Third–Party Complaint the scope of Ballard's engagement. However, in the interests of judicial economy, and assuming without deciding that Lunsford's allegation of failing to perfect an appeal *implies* such a scope of representation, that is, that Ballard was hired to perfect the record to appeal the final default judgment, this Court finds that there are two other reasons that Lunsford's Third–Party Complaint may not go forward against Ballard.

First, North Carolina courts have addressed the question of who may be regarded as a joint tortfeasor. Making this preliminary determination is a necessary precondition to any finding that Ballard can be joined as a party for the purpose of contribution or indemnity. Such was the case in *Shaw v. Barnard*, 229 N.C. 713, 51 S.E.2d 295 (1949), where the court stated that to be found to be joint tortfeasors, it must be alleged that a person's negligent or wrongful acts were "so united in time

and circumstance with the negligent or tortious act of the other that the two acts in fact constitute but one transaction. While neither concert of action nor unity of purpose is required, there must be concurrence in point of time and place. The parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Id.* at 715, 51 S.E.2d at 296. In *Shaw*, the court found that where one of the defendants, a transit company, ejected a man for drunk and disorderly behavior, and that man was later hit and killed by a bus, the two events alleged were entirely separate and distinct in "point of time and circumstance" so as to prevent the transit company from being a joint tortfeasor with the bus company. *Id.* at 717, 51 S.E.2d at 297.

 Another reason to support the Court's belief that North Carolina courts would not find Ballard to be a joint tortfeasor is because under the state's law, the injury to Shealy was complete after the default judgment was entered. In *Nationwide Mutual Insurance Co. v. Winslow*, 95 N.C.App. 413, 416, 382 S.E.2d 872, 874 (1989), the court held that a plaintiff's injury for attorney malpractice accrued for statute of limitations purposes when a default judgment was entered, not after the North Carolina Supreme Court denied discretionary review of that default judgment. Similarly, in *Hummer*, 140 N.C.App. at 279, 536 S.E.2d at 354, the court found that the teacher's failure to seek judicial review could not support a defense of contributory negligence because the teacher's omission occurred after his attorney's wrongful act, the failure to request review of the teacher's dismissal from the superintendent, was completed. In both of these cases, the courts determined that the injury to the client was complete and actionable prior to any judicial review. Therefore, where an injury is already com-

plete, such as through the granting of a final default judgment, it cannot be that subsequent actions by the successor attorney that did not increase the amount of the final judgment against the client, "unite[d] in causing a single injury." *Shaw*, 229 N.C. at 715, 51 S.E.2d at 296. While other states may have more expansive definitions of "joint tortfeasor," *see, e.g., Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir.2001)(stating that under Illinois law it is possible for a defendant to seek contribution from a tortfeasor who injured the plaintiff subsequent to the defendant); *Parler & Wobber v. Miles & Stockbridge, P.C.*, 359 Md. 671, 756 A.2d 526, 534 (2000)(finding that contribution rests on common liability and not on joint negligence or joint tort, and that "[c]ommon liability exists when two or more actors are liable to an injured party for the same damages, even though their liability may rest on different grounds") this Court finds that North Carolina's courts have used the term and its implications as to contribution or indemnification narrowly. *See State Farm Mut. Auto. Ins. Co. v. Holland*, 324 N.C. 466, 470, 380 S.E.2d 100, 102 (1989)("[T]he right to contribution does not exist unless two or more parties are joint tortfeasors."); *Ingram v. Smith*, 16 N.C.App. 147, 151, 191 S.E.2d 390, 393 (1972)("As a general rule of common law one joint tort-feasor may not sue another for indemnity" unless one tortfeasor is actively negligent while the other is passively negligent). As such, the Court finds that Defendant Lunsford's alleged negligence, such as his failure to properly defend Shealy at the Default Judgment hearing in

November 2001, was not sufficiently linked in "time and circumstance" to Third–Party Defendant Ballard's alleged negligence in failing to perfect the record on appeal, assuming that was within the scope of Ballard's representation of Shealy, which would have occurred long after the default judgment was entered against Shealy in State court. Ballard, therefore, could not be a joint tortfeasor from whom Lunsford could seek indemnification or contribution.

■ Second, this Court finds there is reason to believe that if faced directly with the issue, North Carolina courts would find it to be against state public policy to allow a former counsel to sue a successor counsel for indemnification or contribution. As both Lunsford and Ballard point out, there are two diverging lines of cases in other states considering the issue of successor counsel liability to former counsel. One line of cases,[3] as ably demonstrated in *Parler & Wobber*, states that such an action should be permitted because, no matter the public policy concerns, not to do so would be to allow a successor counsel to "escape from this accountability by forcing former counsel to shoulder the burden of loss to the client in situations where both attorneys may have brought about the client's injury." *Parler & Wobber*, 756 A.2d at 544. Of course, the Court cannot find on the facts of this case that Ballard's alleged negligence, i.e., failure to file an appeal, had anything to do with the entry of default and ultimate granting of a final default judgment against Shealy.

The other line of cases,[4] such as *Mirch v. Frank*, 295 F.Supp.2d 1180 (D.Nev.

---

**3.** *See, e.g., Sheetz, Inc. v. Bowles Rice McDavid Graff & Love*, 209 W.Va. 318, 547 S.E.2d 256 (2001)(allowing lawsuit against successor counsel to go forward); *Goran v. Glieberman*, 276 Ill.App.3d 590, 213 Ill.Dec. 426, 659 N.E.2d 56 (1995)(same); *Pappas v. Holloway*, 114 Wash.2d 198, 787 P.2d 30 (1990)(en banc)(same); *Schauer v. Joyce*, 54 N.Y.2d 1,

444 N.Y.S.2d 564, 429 N.E.2d 83 (1981)(same).

**4.** *See, e.g., Stone v. Satriana*, 41 P.3d 705 (Colo.2002)(en banc)(not allowing lawsuit against successor counsel to go forward); *Holland v. Thacher*, 199 Cal.App.3d 924, 245 Cal.Rptr. 247 (1988)(same); *Waldman v. Levine*, 544 A.2d 683 (D.C.1988)(same); *Hughes*

2003), represents the view that such an action by former counsel against successor counsel would create bad public policy and so should not be permitted. In *Mirch*, the court stated that such an action would: (1) potentially create a "nefarious" litigation tactic by allowing previous counsel to create a conflict of interest and force the client's current counsel to withdraw; (2) interfere with attorney-client confidences; (3) interfere with the ability of the client to pursue a malpractice claim against successor attorney, because successor attorney might not act in the best interests of the client in pursuing the claim; (4) have a chilling effect on malpractice claims; and (5) force successor counsel to try to serve two masters, the client and the former attorney, in making decisions. *Id.* at 1184. Based on the facts currently before the Court, given that the record only shows that Ballard was hired to initiate a malpractice action and shows no evidence of an appeal even being attempted by Ballard, Shealy's former attorney Lunsford's attempt to bring Ballard into the case as a Third–Party Defendant appears to be for the unacceptable purposes set out in *Mirch*.

If faced with the same circumstances, it is the Court's belief that the North Carolina Supreme Court would adopt the reasoning set out in *Mirch* rather than the reasoning of *Parler & Wobber*. The opinion in *Petrou v. Hale*, 43 N.C.App. 655, 260 S.E.2d 130 (1979) provides guidance to the Court in making this determination of what approach the North Carolina courts would take. In *Petrou*, the court held that a doctor, who had been unsuccessfully sued by a patient for malpractice, and who then sued that patient and his attorney for malicious prosecution, could not bring a

cause of action against the attorney. The court stated that:

> If an attorney whose primary duty is to promote the cause of his client in a light most favorable to him within the bounds of the law is also required to protect the rights of an adverse party, he will be caught in the midst of a conflict of interest. More importantly, if mere negligence in protecting the rights of an adverse party becomes the standard of liability, attorneys will be fearful of instituting lawsuits on behalf of their clients. The end result would be the limitation of free access to the courts.

*Id.* at 661, 260 S.E.2d at 135. Thus, in the past North Carolina courts have placed heavy weight on public policy concerns when addressing the question of whether to allow certain lawsuits against lawyers for negligence. Because it is probable that North Carolina courts would not consider successor counsel to be joint tortfeasors under the circumstances of this case, and because of the important public policy interests that are implicated, most notably the potential creation of conflicts of interest causing forced attorney withdrawal and the fact that the attorney's duty runs to the client and not the former attorney, this Court now finds that Defendant Lunsford's Third–Party Complaint against Ballard would not be permitted. For that reason, the Court feels that it is appropriate to allow Ballard's Motion to Dismiss the Third–Party Complaint that Lunsford has filed against her.

## VI. CONCLUSION

For the reasons stated herein, the Court holds that Defendants Shaver and Floyd & Jacobs' joint Motion for Judgment on the Pleadings [Document # 34] is GRANTED.

*v. Housley*, 599 P.2d 1250 (Utah 1979)(same); *Melrose Floor Co. v. Lechner*, 435 N.W.2d 90

(Minn.App.1989)(same).

Additionally, Defendant Ballard's Motion to Dismiss [Document # 32] is GRANTED. An Order and Judgment consistent with this Memorandum Opinion shall be filed contemporaneously herewith.

## ORDER AND JUDGMENT

For the reasons stated in the Memorandum Opinion filed contemporaneously herewith, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Defendants Robert V. Shaver and Floyd & Jacobs, L.L.P.'s, joint Motion for Judgment on the Pleadings [Document # 34] is GRANTED and the matter is DISMISSED against Shaver and Floyd & Jacobs. Additionally, Defendant Desa Ballard's Motion to Dismiss [Document # 32] is GRANTED and it is FURTHER ORDERED, ADJUDGED, and DECREED that John W. Lunsford's Third–Party Claim against Desa Ballard is hereby DISMISSED.