# IN THE SUPREME COURT OF THE STATE OF NEVADA

U.S. BANK NATIONAL ASSOCIATION, A NATIONAL ASSOCIATION,
Appellant,
vs.
PATEL FAMILY PROPERTIES, LLC, A LIMITED LIABILITY COMPANY; AND PARESH PATEL, AN INDIVIDUAL,
Respondents.

No. 75135

FILED

APR 16 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an order granting summary judgment. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

When our initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the district court had not yet entered a final judgment appealable under NRAP 3A(b)(1) because claims against defendant Kenneth Rayburn remained pending in the district court. Although a default was entered against him, no default judgment was ever entered.

In response, appellant contends that the order appealed from, by granting the respondents' motion for summary judgment against "the defendants on all claims," constituted a final judgment against Kenneth Rayburn. We disagree. Although respondents filed a motion for summary judgment seeking judgment "in their favor against the defendants on all claims for relief," final judgment was entered in favor of respondents against only appellant and co-defendant National Default Servicing Corporation. No order formally resolves the claims against Rayburn. *See*

18- 14391

*Valley Bank of Nevada v. Ginsburg*, 110 Nev. 440, 445-46, 874 P.2d 729, 733 (1994). The mere entry of default does not confer finality for purposes of appellate jurisdiction. *See Looper v. Looper*, 277 S.E.2d 78, 79 (N.C. Ct. App. 1981) (stating that "[t]he entry of default by the clerk is not a final judgment and is not appealable" because "[i]t is an interlocutory act looking toward the subsequent entry of a final judgment by default"); *Lee v. Sage Creek Refining Co., Inc.*, 876 P.2d 997, 998 (Wyo. 1994) (stating that "entry of default is not a final disposition of the controversy" as "[i]t is simply a clerical act performed by the clerk of court which determines liability but not relief").

We thus conclude that claims remain pending in the district court such that the challenged order is not appealable as a final judgment under NRAP 3A(b)(1). *See Lee v. GNLV*, 116 Nev. at 426, 996 P.2d at 417. Accordingly, we lack jurisdiction and we

ORDER this appeal DISMISSED.

_____ Cherry, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Ronald J. Israel, District Judge
John Walter Boyer, Settlement Judge
Tiffany & Bosco, P. A.
Maier Gutierrez & Associates
Eighth District Court Clerk

